Herman Kenneth RABB, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 0125–86, 0126–86 and 0127–86.

Court of Criminal Appeals of Texas,
En Banc.

May 6, 1987.

Lawrence B. Mitchell, on appeal only, Dallas, for appellant.

John Vance, Dist. Atty., and Michael A. Klein and William Randell Johnson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

The appellant was convicted, after a plea of guilty, of unauthorized use of a vehicle and two cases of burglary of a habitation. Punishment was assessed at ten years' confinement in the Texas Department of Corrections in each case. The Fifth Court of Appeals affirmed in an unpublished opinion. *Rabb v. State,* Nos. 05–85–00253–CR, 05–85–00254–CR & 05–85–00255–CR (Tex. App.—Dallas, Dec. 3, 1985). We granted the appellant's petition for discretionary review to determine whether the Dallas County Magistrate's Act is unconstitutional because (1) it is a special or local law, or (2) it violates the separation of powers doctrine. We will affirm.

I.

The appellant was charged, in separate indictments, with unauthorized use of a vehicle and two cases of burglary of a habitation. In each case, the appellant waived trial before a jury and requested referral to a magistrate. Pursuant to ne-

gotiated plea bargain agreements, the appellant pleaded guilty, and his judicial confessions were admitted in support of his pleas. The magistrate accepted the appellant's pleas of guilty and assessed punishment at ten years' confinement in the Texas Department of Corrections in each case. Thereafter, the district court judge ordered the appellant placed on probation in all three cases. No appeal was taken from these judgments. Approximately five months after the original judgments were entered, the State filed a motion to revoke probation in each of the three cases. The appellant entered pleas of not true to the allegations contained in the motions. The district court judge found the allegations to be true, revoked the appellant's probation and assessed punishment at ten years' confinement in the Texas Department of Corrections in each case, with all three sentences to be served concurrently.

## II.

Before the Court of Appeals, the appellant challenged, on two grounds, the constitutionality of the Dallas County Magistrate's Act, V.A.C.S., Art. 1918c (Supp. 1985) (hereinafter "the Magistrate's Act").[1] The appellant argued, first, that the Magistrate's Act is a "special bill" in violation of Tex. Const. art. III, § 56, and, second, that the Magistrate's Act is an unconstitutional delegation of legislative power. The Court of Appeals rejected both contentions.

■ The Court of Appeals overruled the appellant's contentions because no objection was raised at trial to the constitutionality of the Magistrate's Act, *Rabb*, slip op. at 2, although that Court then pointed out in dicta that this Court had found the Act to be constitutional. We find that the Court of Appeals should have reached the merits of the appellant's challenge to the

Magistrate's Act. Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal. See *Moore v. State*, 672 S.W.2d 242 (Tex.App.—Houston [14th Dist.] 1984, no pet.); see also *Ex parte Chambers*, 688 S.W.2d 483, 485 (Tex.Cr.App.1985) (Campbell, J., concurring), *cert. denied*, —— U.S. ——, 106 S.Ct. 181, 88 L.Ed.2d 150. Accordingly, we will address the appellant's constitutional challenge.

In his petition for discretionary review, the appellant reurges his twofold attack on the Magistrate's Act. We will first address the issue of whether the Magistrate's Act is a special or local law.

### A.

■ The appellant contends that the Magistrate's Act is a "local or special law" enacted in contravention of Tex. Const. art. III, § 56.[2] Since the filing of the appellant's brief, however, this issue was squarely addressed by this Court in *Kelly v. State*, 724 S.W.2d 42 (Tex.Cr.App.1987), wherein we held that the Dallas County Magistrate's Act does not violate the constitutional prohibition against special laws. *Id.* at 47. Consequently, this ground for review is overruled.

### B.

■ In his second ground for review, the appellant argues that the Magistrate's Act violates the separation of powers doctrine embodied in Article II, § 1 of the Texas Constitution. He contends that the Act is unconstitutional because it allows the Legislature to delegate to the district judges of Dallas County the power to create "courts of concurrent jurisdiction."[3] The Court of

---

1. Since this appeal was taken, the Magistrate's Act has been recodified at V.T.C.A., Government Code §§ 54.301—54.313 (Pamphlet 1987). We note that both Article 1918c, supra, and Section 54.301 *et seq.* are virtually identical.

2. Article III, § 56 provides, in pertinent part: The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, [that authorizes] ... regulating

the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts, justices of the peace, sheriffs, commissioners, arbitrators or other tribunals....

3. We note initially that the appellant has misconstrued the term "concurrent jurisdiction." Concurrent jurisdiction is "[j]urisdiction exercised by different courts, at [the] same time,

Appeals overruled the contention, finding that the issue had been decided adversely to the appellant by this Court in *Kelley v. State*, 676 S.W.2d 104 (Tex.Cr.App.1984).

In *Kelley*, supra, this Court held that the Magistrate's Act was not an unconstitutional attempt by the Legislature to delegate its authority for the creation of courts to the judiciary of Dallas County. As we recognized in *Kelley*, the Magistrate's Act "did not create 'courts' with independent jurisdiction, but simply authorized a procedure whereby magistrates, *acting as surrogates and not judges*, are appointed to *assist* the District Court Judges in certain *limited* matters." 676 S.W.2d at 107 (emphasis added). However, *Kelley* did not address the effect on the Magistrate's Act of 1983 amendments to Articles 2.09 and 4.01 of the Code of Criminal Procedure. Acts 1983, 68th Leg., ch. 204, p. 883, effective August 29, 1983. See 676 S.W.2d at 110 (Clinton, J., concurring).

Article 2.09, V.A.C.C.P., was amended to add, to its designation of officers who are magistrates within the meaning of the Code of Criminal Procedure, the following: "the magistrates appointed by the judges of the district courts of Dallas County that give preference to criminal cases and the judges of the criminal district courts of Dallas County...." Similarly, Article 4.01, V.A.C.C.P., was amended to add, to the listing of courts having jurisdiction in criminal cases, the following: "[t]he magistrates appointed by the judges of the district courts of Dallas County that give preference to criminal cases and the judges of the criminal district courts of Dallas County as set out in [the Magistrate's Act]...."

The appellant contends that the effect of these amendments to Articles 2.09 and 4.01, supra, is to give Dallas County magistrates power and authority which is coextensive with that of district court judges. Under Tex. Const. art. V, § 1, the Legislature may create courts in addition to those already established in the Constitution, whereas magistrate "courts," as authorized by the Magistrate's Act, originate from the appointment by district court judges. See Article 1918c, § 1(a). The appellant argues that the power and authority of the Legislature is supplanted by the vesting of power and authority in Dallas County district courts to appoint magistrate "courts." We disagree.

The Magistrate's Act provides that a district judge may refer a criminal case to a magistrate through an order of referral specifying duties that that magistrate is to perform in that case. Article 1918c, § 4(c). The magistrate in question may conduct proceedings involving negotiated pleas of guilty before the court, examining trials, hearings on bond forfeitures, pretrial motions, postconviction writs of habeas corpus, and any other matters specified in the order of referral. *Id.* at § 4(a)(1)—(6). The magistrate has the power, *inter alia*, to make preliminary findings of fact and conclusions of law and to recommend the rulings, orders or judgment to be made in a proceeding. *Id.* at § 5(a)(1)—(13). However, he must exercise these functions only within the scope of the order of referral. *Id.* at § 5(b). In addition, the magistrate is expressly prohibited from presiding over a trial on the merits. *Id.* at § 4(b). Finally, any action taken by the magistrate is subject to modification, correction, rejection or

over [the] same subject matter, and within [the] same territory, and wherein litigants may, in [the] first instance, resort to either court indifferently." Black's Law Dictionary 264 (5th ed. 1979). If district courts and magistrate "courts" exercised concurrent jurisdiction, then a case could be brought in either forum the parties desired. However, the Magistrate's Act makes it clear that such an option is not available. A felony case is brought in district court, which obtains *jurisdiction* of the case upon the return of an indictment. See *Perez v. State*, 590 S.W.2d 474 (Tex.Cr.App.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2157, 64 L.Ed.2d 790. The district

court judge may then delegate certain enumerated functions to a magistrate through an order of referral. See Article 1918c, § 4; see also p. 753, *post*. The magistrate does not have jurisdiction over a felony case, since jurisdiction stems from the issuance of an indictment. See *Perez*, supra. As we understand the essence of the appellant's ground for review, he argues that the magistrate "courts" have *power and authority* which is equal to that of district courts, rather than *concurrent jurisdiction* with district courts. Therefore, we will address the appellant's contention using those terms.

**754**

reversal by the referring district court judge. *Id.* at § 7(b).

Turning to the appellant's contention that the Magistrate's Act violates the separation of powers doctrine of the Texas Constitution, we must now determine whether, in light of the recent amendments to Articles 2.09 and 4.01, supra, the Act permits the creation by district court judges of "courts" with equal power and authority. Central to such determination is the degree of independence from the district judges which may be exercised by Dallas County magistrates. Given the restrictions placed on the powers and duties of magistrates by the Act, we conclude that the amendments to Articles 2.09 and 4.01, supra, vis-a-vis the Magistrate's Act do not alter the function of Dallas County magistrates or the powers available to them so as to remove them from the supervision of district court judges.

Since the magistrates' actions continue to be subject to the approval of the referring district courts, the magistrates do not exercise power and authority which is equal to that of district court judges. Accordingly, we hold that the appointment of magistrates by district court judges pursuant to the Magistrate's Act does not violate the separation of powers doctrine of the Texas Constitution. The appellant's second ground for review is overruled.

The judgment of the Court of Appeals is affirmed.