In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-00-00130-CR

____________


MOHAMED AHMED SHAGROUN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Criminal Court at Law No. 6 

Harris County, Texas

Trial Court Cause No. 9903759






O P I N I O N

 Appellant, Mohamed Ahmed Shagroun, was charged by information with the class
A misdemeanor offense of illegally dumping waste matter with an aggregate weight of 500
pounds or more and a volume of 100 cubic feet or more, with one enhancement. Appellant
pleaded not guilty to the charged offense and true to the enhancement, and the case was tried
to the court. The trial court found appellant guilty, found the enhancement true, and assessed
punishment at one year in jail, probated for one year, and a $2,500 fine. We affirm.

BACKGROUND


 On September 2, 1998, Charles Rash, owner of a towing company in Houston,
observed a man, whom he identified as appellant, on Rash's property unloading trash from
a Ford van. Rash radioed one of his employees to call the police and to come watch
appellant. Rash watched for several minutes and estimated that appellant had unloaded
enough trash to fill a 55-gallon drum and was continuing to unload more trash. Rash drove
away, and his employee, Larry Goudeax arrived and watched appellant unload trash for about
10 to 15 minutes. Officer Andrew Lynn, with the Metro Police Department, arrived in an
unmarked car and wearing plain clothes. He watched appellant unloading trash for a few
minutes, then called for a marked unit with a uniformed officer. Lynn approached appellant
and asked him if he put all that trash there. Appellant responded, "Yes, for a little while." 
Lynn identified himself as a police officer and told appellant to pick up the trash. Appellant
complied and indicated that some of the trash did not belong to him. Lynn testified that
appellant left that trash on the ground. Lynn stayed at the scene until Sergeant Walsh of the
Houston Police Department arrived. 

 Sergeant Walsh described the van and the trash in it as full and tightly packed. He
estimated the interior dimensions of the van to be four to five feet high, four feet wide, and
eight to ten feet long. Walsh testified that he had estimated the volume and weight of trash
on many occasions. He estimated the weight of the trash in the van to be approximately 750
pounds and the volume to be approximately 160 cubic feet. Walsh arrested appellant for
illegal dumping and, at the police station, read appellant his rights. Appellant dictated a
statement, which Walsh wrote down, and appellant signed the statement. In the statement,
appellant admitted dumping the trash and, after someone saw him, picking it up and putting
it back in his van. Appellant said he was sorry and that this was "my first time and my last!" 
Photographs of appellant's van with the side and rear doors open to reveal the inside of the
van full of broken furniture and trash were admitted as evidence.

 Appellant, testifying on his own behalf, stated that he dumps trash three or four times
a year and usually takes the trash to the city dump or a neighborhood depository. He testified
that, on September 2, 1998, he first took his load of trash to the neighborhood depository, but
was not allowed to unload it because he did not have a utility bill. He testified that he
dumped the trash at a commercial location because there was other trash there and he thought
it would get picked up. He testified that he was told to pick up trash that did not belong to
him and that the photographs showed trash that was not his. 

DISCUSSION


Challenge to the Constitutionality of the Statute

 In his first issue, appellant contends that the judgment is void because appellant was
tried under a statute that is unconstitutional on its face and as applied to him. Appellant
argues that, because the statute at the time of his arrest did not require a culpable mental
state, the statute was unconstitutional. 

 Appellant did not preserve his complaint that the statute is unconstitutional as applied
by filing a motion to quash the information. See Holland v. State, 802 S.W.2d 696, 699 (Tex.
Crim. App. 1991) (to preserve a claim that a statute is unconstitutional as applied, a
defendant must make a timely objection at trial). In addition, appellant does not present any
argument or authority to support his contention that the statute is unconstitutional as applied. 
He has therefore waived this complaint. See RE/MAX of Tex., Inc. v. Katar Corp., 961
S.W.2d 324, 328 (Tex. App.--Houston [1st Dist.] 1997, pet. denied). However, we address
his complaint that the statute is facially unconstitutional under the Rabb rule. Rabb v. State,
730 S.W.2d 751, 752 (Tex. Crim. App. 1987) ("Questions involving the constitutionality of
a statute upon which a defendant's conviction is based should be addressed by appellate
courts, even when such issues are raised for the first time on appeal."). 

 It is fundamental that, to constitute a crime, a prohibited act must be accompanied by
a culpable mental state. See Cook v. State, 884 S.W.2d 485, 487 (Tex. Crim. App. 1994). 
Section 365.012(a) of the Texas Health and Safety Code provides:

 A person commits an offense if the person disposes or allows or permits
the disposal of litter or other solid waste at a place that is not an approved solid
waste site, including a place on or within 300 feet of a public highway, on a
right-of-way, on other public or private property, or into inland or coastal
water of the state. 

Tex. Health & Safety Code Ann. § 365.012(a) (Vernon Supp. 2002). There was nothing
in the statute at the time of appellant's offense specifically requiring a culpable mental state. 
On the other hand, there was nothing in the statute specifically dispensing with any culpable
mental state. (1) However, mere silence as to the culpable mental state is not sufficient to
indicate that the legislature has plainly dispensed with a mental element. Aguirre v. State,
22 S.W.3d 463, 471 (Tex. Crim. App. 1999). Section 6.02 of the Penal Code provides in
pertinent part: 

 (b) If the definition of an offense does not prescribe a culpable mental
state, a culpable mental state is nevertheless required unless the definition
plainly dispenses with any mental element. 


 (c) If the definition of an offense does not prescribe a culpable mental
state, but one is nevertheless required under Subsection (b), intent, knowledge,
or recklessness suffices to establish criminal responsibility. 


Tex. Pen. Code Ann. § 6.02(b)-(c) (Vernon 1994). 

 This Court considered the mental culpability requirement of section 365.012(a) in Ex
parte Weise, 23 S.W.3d 449 (Tex. App.--Houston [1st Dist.] 2000), rev'd on other grounds,
55 S.W.3d 617 (Tex. Crim. App. 2001). In Weise, the appellant contended that section
365.012 was unconstitutional as applied to him because the information alleging his violation
of the statute did not set forth a culpable mental state. Id. at 451. This Court analyzed
section 365.012 in light of factors set out in Aguirre (2) to determine whether a culpable mental
state was required for a violation of section 365.012 and compared the statute with certain
"strict liability" criminal statutes. We concluded that, because of the relatively minor danger
to public health and safety and the severity of the punishment, which could be as much as one
year in jail, the legislature did not intend the statute to be a strict liability offense and,
therefore, under section 6.02 of the Penal Code, the culpable mental state of at least 
recklessness was required for the offense. Id. at 455. (3) 

 We agree with the reasoning in Weise. Accordingly we hold that, consistent with
section 6.02 of the Penal Code, a culpable mental state of at least recklessness was required
for a violation of section 365.012(a) prior to September 1, 2001. Because a culpable mental
state was required, the statute was not unconstitutional on its face. 

 Appellant's first issue is overruled. 

Ineffective Assistance of Counsel

 In his second issue, appellant contends his trial counsel was ineffective for failing to
object to the information as unconstitutional. 

 The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel's
performance was so deficient that he was not functioning as acceptable counsel under the
sixth amendment, and (2) but for the counsel's error, the result of the proceedings would
have been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson, 9 S.W.3d
at 812; Gamble, 916 S.W.2d at 93. 

 If a charging instrument does not allege a required culpable mental state, the charging
instrument is subject to a motion to quash. Weise, 55 S.W.3d at 621. In this case, trial
counsel did not file a motion to quash, and, therefore, counsel's performance was arguably
deficient. However, appellant has not shown that, but for counsel's error, the result of the
proceedings would have been different. Had counsel filed a motion to quash, the State could
have amended the information to allege the required culpable mental state. See Tex. Code
Crim. Proc. Ann. art. 28.10 (Vernon 1989). Furthermore, there is evidence to show that
appellant knowingly or recklessly violated the statute because he knew there were authorized
locations for dumping trash, and he used such authorized locations regularly. The trial court
could have reasonably inferred that appellant knew the Rash property was not an authorized
location. 

 Accordingly, we overrule appellant's second issue. 

Factual Sufficiency of the Evidence

 In his third issue, appellant contends that the evidence was not factually sufficient to
sustain his conviction of a class A misdemeanor under the statute. At the time appellant
committed the offense, section 365.012(f)(1) provided:

 An offense under this section is a Class A misdemeanor if the litter or
other solid waste to which the offense applies weighs 500 pounds or more or
has a volume of 100 cubic feet or more . . . . 


Act of May 30, 1993, 73rd Leg., R.S., ch. 740, § 2, 1993 Tex. Gen. Laws 2900, 2901,
amended by Act of May 24, 2001, 77th Leg., R.S., ch. 995, § 1, 2001 Tex. Gen. Laws 2163. 
Appellant argues that the evidence was deficient as to the quantity or weight of the trash. 

 We follow the usual standard of review for factual sufficiency. See King v. State, 29
S.W.3d 556, 563 (Tex. Crim. App. 2000). 

 At trial, Sergeant Walsh testified that he had estimated the volume and weight of trash
many times. He testified that the van was full and tightly packed and that the interior
dimensions of the van were approximately four to five feet high, four feet wide, and eight
to ten feet long. Photographs admitted into evidence showed the van with its rear and side
doors open and the interior full of broken furniture and trash, as described by Walsh. Walsh
estimated the volume of the trash to be approximately 160 cubic feet and the weight of the
trash to be approximately 750 pounds. Officer Lynn testified that appellant did not pick up
the trash that he said did not belong to him.

 Appellant testified that, upon orders from someone, he picked up trash that was not
his and that some of the trash in the photographs did not belong to him. He did not deny that
he dumped trash illegally. 

 We hold that the evidence was factually sufficient to sustain appellant's conviction. 
Accordingly, appellant's third issue is overruled. 


 We affirm the judgment. 


 Sam Nuchia

 Justice


Panel consists of Justices Cohen, Nuchia, and Price. (4)

Do not publish. Tex. R. App. P. 47.

1. In 2001, the legislature amended section 365.012 and added subsection (n), which
provides, "An offense under this section may be prosecuted without alleging or proving any
culpable mental state, unless the offense is a state jail felony." Tex. Health & Safety
Code Ann. § 365.012(n) (Vernon Supp. 2002). 
2. Aguirre v. State, 22 S.W.3d 463, 475-76 (Tex. Crim. App. 1999). 
3. Appellant incorrectly asserts that this Court "invalidated section 365.012 [of the Texas
Health and Safety Code] on the basis of a lack of mens rea in Weise v. State." This Court did
not invalidate the statute or hold that it was unconstitutional as applied.
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.