Affirmed and Memorandum Opinion filed June 5, 2003















Affirmed and
Memorandum Opinion filed June 5, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS.
14-02-00726-CR &

      14-02-00787-CR

______________

 

JACK RAY
LANTZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________

 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 872,032

____________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Jack Ray Lantz appeals a conviction
for failure to register as a sex offender[1] on the
grounds that the Texas sex
offender registration statute (the “statute”)[2] violates
due process and due course of law and constitutes ex post facto punishment under both the United
 States and Texas Constitutions.  We affirm.[3]

                                                                   Due Process

            Appellant’s first and second issues
challenge his conviction on the ground that the statute is unconstitutional on
its face for vagueness[4]
under both the United States and Texas Constitutions[5] because it
does not include as an element of the offense, or otherwise assure, that an individual
has been given notice of his duty to report and register before he can be
convicted of the offense.

            Although appellant asserted in the
trial court that the statute was unconstitutional as applied to him, his
challenge on appeal is solely that the statute is unconstitutional on its face,
i.e., without regard to how it
applied to the facts of his case. 
However, a statute can be attacked as being unconstitutionally vague on
its face only if the law: (1) inhibits the exercise of First Amendment rights;
or (2) does not reach constitutionally protected conduct, but nevertheless
fails to establish standards for the police and public that are sufficient to
guard against the arbitrary deprivation of liberty interests.[6]  See
City of Chicago v. Morales, 527 U.S. 41, 52 (1999); Margraves v. State, 34 S.W.3d 912, 920 (Tex. Crim.
App. 2000) (stating that, because challenged statute did not implicate
constitutionally protected conduct, the Court need only determine whether it
was vague as applied to appellant’s conduct, not whether it was vague on its
face).

            Appellant does not assert that
either of these two grounds exists in this case, but instead relies on the
rationale of Lambert.  See
Lambert v. Cal., 355 U.S. 225, 228-29 (1957) (holding that a city ordinance
requiring registration by convicted persons violated due process where it was
applied to such a person who had no actual knowledge of his duty to register
and no showing was made of the probability of such knowledge).  However, Lambert
does not support appellant’s position because it addressed only an “as applied”
challenge.  See id. at 227-29.  In this
case, appellant not only does not frame his challenge to be “as applied,” he
fails to cite evidence showing either that he lacked actual knowledge of the
duty to register[7] or
of the probability of that knowledge, the essential facts upon which the Lambert holding was based.  See id.

            Appellant’s reliance on Kolender and Billingslea is
similarly misplaced.  See Kolender v. Lawson, 461 U.S. 352,
357-58 (1983); Billingslea v. State, 780 S.W.2d 271, 275-76 (Tex. Crim. App. 1989). 
Unlike the statute in this case, the one in Kolender satisfied the criteria
for a facial challenge because its requirement that loiterers carry “credible
and reliable” identification allowed arbitrary and discriminatory
enforcement.  See Kolender, 461 U.S. at 357-58.  Conversely, the challenges addressed in Billingslea were
directed to the indictment and the sufficiency of the evidence, rather than the
constitutionality of the statute.  See Billingslea, 780 S.W.2d at 271.[8]  Accordingly, that decision provides no aid to
overcoming appellant’s fundamental obstacle to asserting a facial challenge to
the constitutionality of the statute. 
Because appellant’s first two points of error are thus without merit,
they are overruled.

                                                           Ex
Post Facto Clause

            Appellant’s third and fourth issues
contend that appellant’s conviction for failure to register as a sex offender
is void because it constitutes ex post
facto punishment in violation of the United States and Texas Constitutions,[9]
citing Doe v. Otte,
259 F.3d 979 (9th Cir. 2001), rev’d, Smith v. Doe,
123 S. Ct. 1140 (2003).  However, the
United States Supreme Court reversed Doe,
holding that the Alaska
registration statute is nonpunitive and, thus, that
its retroactive application does not violate the Ex Post Facto Clause.  See Smith, 123 S. Ct. at
1154.  Applying similar reasoning, the
Court of Criminal Appeals has recently held likewise regarding the Texas
registration statute.  See Rodriguez v. State, 93 S.W.3d 60,
69, 79 (Tex. Crim. App. 2002). 
Therefore, appellant’s third and fourth points of error are overruled,
and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed June 5,
 2003.

Panel consists of Justices Hudson,
Edelman and Draughn.[10]

Do Not Publish — Tex. R. App. P. 47.2(b).

 

 











[1]           Appellant entered a negotiated
guilty plea, and the trial court assessed punishment at one year of
confinement.





[2]           See Tex. Code Crim.
Proc. Ann. arts. 62.01-.13 (Vernon Supp.
2003).





[3]           The District Clerk’s office opened
two appeals for this case because a second notice of appeal was filed under a
separate cause number.  Because the
briefs for both appeals present the same issues, we will address them in a
single opinion.





[4]           A contention that a statute is
unconstitutional as applied to an accused
because of vagueness must be asserted in the trial court or it is waived.  See
Curry v. State, 910 S.W.2d 490,
496 (Tex. Crim. App. 1995).  However, a facial challenge to the
constitutionality of a statute, as in this case, may be raised for the first
time on appeal.  See Holberg v. State, 38 S.W.3d 137, 139
n.7 (Tex. Crim. App. 2000); Rabb v. State, 730 S.W.2d 751, 752 (Tex. Crim.
App. 1987).





[5]           See U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19.  Because appellant cites no authority or
rationale that the Texas Constitution offers any greater or different
protection in this regard than the United States Constitution, we will not
address the Texas
constitutional claim separately.  See Hall v. State, 67 S.W.3d 870, 874
(Tex. Crim. App. 2002); Black v. State, 26 S.W.3d 895, 896 n.4 (Tex. Crim.
App. 2000).





[6]           This second criteria is met where a
statute either fails to enable ordinary citizens to understand what conduct it
prohibits or allows arbitrary and discriminatory enforcement.  See
Morales, 527 U.S. at 56.





[7]           Although appellant asserts that
there was no evidence in this case that he was aware of the duty to report, it
was his burden, as the person challenging the statute, to affirmatively
establish its unconstitutionality.  See Rodriguez v. State, 93 S.W.3d 60, 69
(Tex. Crim. App. 2002).





[8]           Citing Kolender and Lambert, Billingslea
does, however, state, “Moreover, penal provisions which criminalize a failure
to act without informing those subject to prosecution that they must perform a
duty to avoid punishment are unconstitutionally vague.”  Id. at
275-76.  Nevertheless, a challenge to a
statute based on that proposition must either be “as applied” or satisfy a
criteria for a facial challenge, neither of which is present in this case.





[9]           See U.S. Const. art. I, § 10; Tex.
Const. art. I, § 16.  Again,
because appellant concedes that these state and federal constitutional
protections are identical, we need not separately address appellant’s state
constitutional claim.  See Rodriguez v. State, 93 S.W.3d 60, 65
n.1 (Tex. Crim. App. 2002).





[10]          Senior Justice Joe L. Draughn sitting by assignment.