COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-288-CR

 

 

JOSEPH ROBERT BARNETT                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Joseph Robert
Barnett appeals his conviction for driving while intoxicated.  After the trial court denied his motion to
suppress, Appellant entered an open plea of nolo contendere.  The trial court found Appellant guilty,
sentenced him to fifteen days in the county jail, and assessed a $550
fine.  In two points, Appellant asserts
that the Arlington city ordinance that provided the officer=s basis for the traffic stop was unconstitutionally vague and that the
trial court abused its discretion by failing to rule that Appellant=s warrantless arrest was illegal under the Fourth Amendment of the
United States Constitution.  We affirm.

FACTUAL BACKGROUND

At approximately 3:00 a.m. on
September 3, 2003, City of Arlington Police Officer Anthony Wright saw a green
Jeep driving down the service road of U.S. Highway 287.  Officer Wright observed two female passengers
sitting on top of the headrest area of the rear seat of the Jeep, holding onto
the roll bar.  Officer Wright stopped the
vehicle.  Appellant was subsequently
arrested for driving while intoxicated.

CONSTITUTIONALITY OF THE
ORDINANCE

In his first point, Appellant
asserts that the Arlington city ordinance, which provided the basis for Officer
Wright=s traffic stop of Appellant, is facially unconstitutional.  The State asserts that Appellant has failed
to preserve his complaint. 








There are two types of
challenges to the constitutionality of a statute: the statute is
unconstitutional as applied to the defendant, or the statute is
unconstitutional on its face.  Fluellen
v. State, 104 S.W.3d 152, 167 (Tex. App.CTexarkana 2003, no pet.).  The
constitutionality of a statute as applied must be raised in the trial court in
order to preserve error.  Curry v.
State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).  Appellant was not required, however, to raise
in the trial court a constitutional challenge that the statute is facially
invalid, because a defendant may raise a constitutional challenge to the facial
validity of a statute for the first time on appeal.  See Garcia v. State, 887 S.W.2d 846,
861 (Tex. Crim. App. 1994), cert. denied, 514 U.S. 1005 (1995). 








This rule is limited to
challenges to the constitutionality of the statute under which a defendant was
actually convicted.  See Rabb v. State,
730 S.W.2d 751, 752 (Tex. Crim. App. 1987). 
The rationale for the Rabb exception to the general rule that
failure to object at trial waives any right to complain is because if the
statute giving rise to a prosecution is unconstitutional, it is void from its
inception, is no law, confers no rights, bestows no power on anyone, and
justifies no act performed under it.  See
Reyes v. State, 753 S.W.2d 382, 383‑84 (Tex. Crim. App. 1988).  Requiring the defendant to preserve such a
challenge in the court below on pain of waiver could result in a criminal
conviction based upon an unconstitutional statute.  Sullivan v. State, 986 S.W.2d 708, 713
(Tex. App.CDallas 1999,
no pet.). Because a statute criminalizing the defendant=s conduct is necessary to the jurisdiction of the convicting court,
the Rabb rule is properly applied when the defendant challenges the
constitutionality of the specific statute he is charged with violating.  Webb v. State, 899 S.W.2d 814, 818
(Tex. App.CWaco 1995,
pet. ref=d).  Here, Appellant challenges
the constitutionality of the Arlington city ordinance that justified Officer
Wright=s stop of Appellant, as opposed to the driving while intoxicated
statute under which he was convicted. 
The Rabb rule should not be applied to allow Appellant to raise
the constitutionality of the ordinance providing the justification for Officer
Wright to stop Appellant without first presenting the argument to the trial
court.[1]  See id.; Lasher v. State, No.
10-02-00198-CR, 2006 WL 1910982 at *2-*3 (Tex. App.CWaco July 12, 2006, no pet h.) (holding that complaint that the second
videotaped interview of the complainant should not have been admitted because
section 2(b) of article 38.071, an evidentiary statute, is facially
unconstitutional may not be raised for the first time on appeal).  Thus, Appellant=s first point of error is not properly before this court.  Accordingly, we overrule Appellant=s first point. 

MOTION TO SUPPRESS








In his second point,
Appellant argues that the trial court abused its discretion by failing to rule
that his warrantless arrest violated the Fourth Amendment.  Appellant expressly conditions his second
point upon us sustaining his first point, by stating that the second point Arises or falls on this court=s decision regarding [his] first point of error.@  Because we overruled Appellant=s first point, we likewise overrule his second point. 

CONCLUSION

Having overruled Appellant=s two points, we affirm the trial court=s judgment. 

 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL B: 
HOLMAN, WALKER, and MCCOY, JJ.

PUBLISH

DELIVERED:  August 10, 2006

 

 











[1]See
also Aguilar v. State, No. 05‑95‑01047‑CR, 1997
WL 527261, at *3 (Tex. App.CDallas August 27, 1997, no
pet.) (not designated for publication) (holding that because the appellant
failed to object to the constitutionality of article 37.07 at the trial court
level, he presented nothing for review).