Opinion issued January 31, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-07-00965-CR

          01-07-00966-CR

          01-07-00967-CR

———————————

Rodney Earl
Williams,
Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case Nos. 713885, 713886, and 713887

 



 

MEMORANDUM OPINION

          Appellant,
Rodney Earl Williams, appeals the trial court’s orders denying his motions for
postconviction DNA testing in three related aggravated‑kidnapping,
aggravated‑robbery, and aggravated‑sexual‑assault cases.[1]  In a single issue in his combined brief,
appellant contends that chapter 64 of the Code of Criminal Procedure,[2] governing postconviction
forensic DNA testing, is unconstitutional on its face because it violates the right
to procedural due process under the Fourteenth Amendment of the United States
Constitution.  U.S. Const. amend. XIV, § 1.  We affirm the trial court’s
orders.

Factual Background

          Appellant was convicted of three
offenses in a 1996 jury trial.[3]  In May 2007, appellant moved for postconviction
DNA testing in all three cases.  The
State responded that it had no biological evidence, attaching affidavits to
that effect.  The trial court denied appellant’s
requests for DNA testing without holding an evidentiary hearing, and it issued
findings that no evidence existed to be tested and that appellant failed to
show that he would not have been convicted if exculpatory results had been
obtained through DNA testing.[4]  Appellant did not assert any challenge to the
constitutionality of chapter 64 in the trial court.

Waiver of Constitutional Compliant

          In
his sole issue on appeal, appellant presents a facial challenge to the
constitutionality of chapter 64, arguing that it is unconstitutional on its
face because the absence of a mechanism to ensure postconviction production or
discovery of DNA evidence violates the right to procedural due process.  Appellant acknowledges that he did not raise
this complaint below and that even a constitutional challenge must first be
asserted in the trial court in order to be preserved for appellate review, but appellant
nonetheless asserts that a facial challenge
to the constitutionality of a statute may be raised for the first time on
appeal, citing to Rabb v. State, 730
S.W.2d 751, 752 (Tex. Crim. App. 1987) and Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

          The
Court of Criminal Appeals recently overturned this line of cases in Karenev v. State, in which it held that
“a defendant may not raise for the first time on appeal a facial challenge to
the constitutionality of a statute.”  281
S.W.3d 428, 434 (Tex. Crim. App. 2009).      
This holding, which as an intermediate court we are bound to apply, prevents us
from considering appellant’s sole issue. 
Accordingly, because appellant did not present a challenge to the facial
constitutionality of chapter 64 in the trial court, he may not do so now on
appeal.  See Tex. R. App. P. 33.1(a)(1)(A);
Karenev, 281 S.W.3d at 434.

We overrule appellant’s sole
complaint. 

Conclustion

          We affirm the trial court’s orders.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]
          Trial
court case numbers 713885 (appellate case number 01-07-00995-CR), 713886 (appellate
case number 01-07-0996-CR), and 713887 (appellate case number 01-07-0997-CR),
respectively.  See Tex. Code Crim. Proc. arts.
64.03, .05 (West 2006 & Supp. 2010). 






[2]
          Tex. Code Crim. Proc. Ann. arts. 64.01–.05 (West 2006 & Supp. 2010).





[3]
          The
convictions were affirmed on appeal in Williams
v. State, Nos. 01‑96‑00984‑CR, 01‑96‑00985‑CR,
01‑96‑00985‑CR (Tex. App.—Houston [1st Dist.] Sept. 24, 1998,
pets. ref’d).





[4]
          See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i), (2) (West Supp. 2010).