

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00303-CR

---

TREY PHILLIP GREENLEAF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 083631-A-CR, Honorable Dee Johnson, Presiding

---

December 18, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Trey Phillip Greenleaf, Appellant, was convicted of capital murder for causing the death of Kendra Jo Vela and her unborn baby.[1]  The trial court sentenced him to life without parole.  Appellant raises five issues in this appeal.  We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE §§ 19.02(b)(1), 19.03(a)(7)(A).

**BACKGROUND**

The evidence showed that Appellant and Vela had a tumultuous romantic and sexual relationship. At the time of the offense, Vela had recently learned that she was pregnant, which Appellant also knew, as they had exchanged multiple text messages regarding the pregnancy. One night in February of 2023, Vela and Appellant met up in an Amarillo hotel room and a fight ensued. Appellant initially told investigators that he saw a gun, but later stated that he saw Vela reach for the holster on her hip where she usually carried a gun. Appellant then drew his own gun, which he kept in his pocket, and shot Vela in the head two times. Appellant quickly left the hotel room and drove away in Vela's vehicle. Vela died from the gunshot wounds and her unborn baby died due to lack of blood flow and oxygen.

Vela's friend Jennifer Velasquez discovered Vela's body. Velasquez had visited Vela at the hotel earlier that night and had left to make a drug delivery for Vela while Vela waited for Appellant to arrive. When Velasquez first returned to the hotel room, she found that it was latched from the inside and she heard scuffling sounds. Appellant answered the door and Velasquez asked for her purse. Appellant gave Velasquez the purse and she left without entering the hotel room. Velasquez called and sent text messages to Vela later, but Vela did not respond. Velasquez then returned to the hotel room to check on Vela and found her body on the bed. Velasquez reported the death to the police. When Appellant was arrested later that day, he admitted shooting Vela but claimed that he did so in self-defense. Evidence indicated that Vela was shot while lying down on the hotel room bed. Her gun was found beneath the bedding of the other bed.

2

**ANALYSIS**

Issue 1: Intent to Cause Death

By his first issue, Appellant argues that the evidence presented could not lead a reasonable juror to infer that he formed a separate intent to kill Vela's unborn baby. Appellant claims that there was no evidence indicating that he intended to target the embryo.

In reviewing the sufficiency of the evidence, we consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). We "defer to the jury's credibility and weight determinations because the jury is the 'sole judge' of witnesses' credibility and the weight to be given testimony." *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021) (*quoting Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012)).

We compare the evidence to the elements as defined by a hypothetically correct jury charge. *Metcalf v. State*, 597 S.W.3d 847, 856 (Tex. Crim. App. 2020). All evidence, both direct and circumstantial, whether properly or improperly admitted, is considered. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). It is not necessary for each fact to point directly and independently to defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

3

A person commits capital murder if he intentionally or knowingly commits murder and murders more than one person during the same criminal transaction. TEX. PENAL CODE §§ 19.02(b)(1), 19.03(a)(7)(A). The Penal Code definition of a "person" includes "an individual," which means "a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth." *Id.* §§ 1.07(a)(26), (38); *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). To support a conviction for capital murder under section 19.03(a)(7)(A), the State was required to establish discrete, specific intent to kill with regard to each death. *Ex parte Norris*, 390 S.W.3d 338, 340 (Tex. Crim. App. 2012).

A person acts intentionally with respect to a result of his conduct when it is his conscious objective or desire to cause the result. TEX. PENAL CODE § 6.03(a). A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b). A jury may infer intent or knowledge from any facts that tend to prove its existence, including acts, words, and conduct of the accused and the method of committing the crime. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).

"Lay people understand maternal death can cause fetal death." *In re C.M.M.*, 503 S.W.3d 692, 702 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A jury may infer that a defendant intends the natural consequences of his acts. *Herrera v. State*, 526 S.W.3d 800, 810 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). A jury also may reasonably infer that a defendant who kills a woman the defendant knows to be pregnant is aware that killing the woman is reasonably certain to result in the death of the woman's unborn child. *See Estrada v. State*, 313 S.W.3d 274, 305 (Tex. Crim. App. 2010) (jury

4

could reasonably infer defendant who strangled and stabbed pregnant woman knew his conduct was reasonably certain to cause unborn child's death); *Bonilla-Rubio v. State*, No. 02-23-00200-CR, 2024 Tex. App. LEXIS 7139, at *13 (Tex. App.—Fort Worth Oct. 3, 2024, no pet.) (mem. op., not designated for publication) (jury could reasonably infer that defendant was aware that shooting pregnant woman three times in her neck and leaving her to die was reasonably certain to cause unborn baby's death); *Eguia v. State*, 288 S.W.3d 1, 9–10 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (evidence sufficient to sustain capital-murder conviction where defendant stabbed visibly pregnant woman in her neck, causing death of woman and her unborn baby).

The evidence at trial established that Appellant knew that Vela was pregnant at the time he shot her twice in the head at close range, then fled from the scene. The jury could reasonably infer from the evidence that Appellant was aware that shooting Vela in the head was reasonably certain to cause the unborn baby's death. Viewed in the light most favorable to the verdict, the evidence is sufficient to support the mens rea element of Appellant's capital murder conviction. We overrule Appellant's first issue.

Issue 2: Culpable Mental State

In his second issue, Appellant contends that the jury charge did not limit the culpable mental states to the *result* of conduct, erroneously allowing the jury to convict him based on whether he engaged in the *nature* of the conduct. Article 36.14 of the Texas Code of Criminal Procedure mandates that the trial court shall deliver to the jury "a written charge distinctly setting forth the law applicable to the case . . . ." TEX. CODE CRIM. PROC. art. 36.14. A jury charge includes both an abstract statement of the law and an application

5

paragraph. *Ramirez v. State*, 336 S.W.3d 846, 851 (Tex. App.—Amarillo 2011, pet. ref'd). The abstract portion of the charge is intended to help the jury understand the meaning of concepts and terms used in the application paragraph of the charge. *Arteaga v. State*, 521 S.W.3d 329, 338 (Tex. Crim. App. 2017). The application paragraph identifies the factual circumstances under which the jury should convict or acquit. *Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012).

We employ a two-step process when reviewing claimed jury-charge error. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). First, we determine whether charge error occurred. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If so, we then analyze the error for harm, with the standard of review for harm being dependent on whether error was preserved for appeal. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Where error was preserved by objection, any error that is not harmless constitutes reversible error. *Price*, 457 S.W.3d at 440. In cases like this one, in which Appellant made no objection to the complained-of language at trial, we consider whether any error caused egregious harm. *Id.*

Appellant's complaint arises from this language in the abstract portion of the charge:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
>
> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts

6

knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The application paragraph correctly instructed the jury that, in order to find Appellant guilty, jurors had to believe he "intentionally or knowingly cause[d] the death" of both Vela and her baby, reading:

> Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about the 5th day of February, 2023, in Potter County, Texas, [Appellant] did then and there, intentionally or knowingly cause the death of an individual, namely KENDRA JO VELA, by shooting her with a firearm and did then and there, intentionally or knowingly cause the death of another individual, the unborn child of KENDRA JO VELA, by shooting KENDRA JO VELA with a firearm in the same criminal transaction . . . then you will find [Appellant] guilty as charged in the indictment.

"Capital murder is a result-of-conduct offense; the crime is defined in terms of one's objective to produce, or a substantial certainty of producing, a specified result, i.e., the death of the named decedent." *Louis v. State*, 393 S.W.3d 246, 251 (Tex. Crim. App. 2012). Where a particular culpable mental state applies, the trial court "errs when it fails to limit the language in regard to the applicable culpable mental states to the appropriate conduct element." *Price*, 457 S.W.3d at 443.

The State acknowledges that the inclusion of the definitions of intentionally and knowingly in nature of conduct terms was erroneous based on current precedent.[2] It asserts, however, that any error was not egregiously harmful. Jury charge error is egregiously harmful if the error affects the very basis of the case, deprives the defendant

---

[2] The State notes that the Court of Criminal Appeals may reconsider the issue in a pending case out of this Court, *Jaimes v. State*, PD-0135-25 & PD-0136-25 (appealing 708 S.W.3d 279 (Tex. App.— Amarillo 2024)).

of a valuable right, vitally affects the defensive theory, or makes a case for conviction clearly and significantly more persuasive. *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). The harm must be actual, not just theoretical. *See id* at 489–90. In determining whether this difficult standard has been met, we review the entirety of the record, including (1) the entirety of the charge, (2) the state of the evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the record. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *Almanza*, 686 S.W.2d at 171.

The first of the four factors, the entirety of the charge, weighs against finding egregious harm. As set forth above, the application paragraph, which is the "heart and soul" of the jury charge, correctly instructed the jury regarding "the factual circumstances under which the jury should convict or acquit." *Vasquez*, 389 S.W.3d at 366. "Error in the abstract paragraph of a jury charge does not constitute egregious harm when the application paragraph correctly instructs the jury." *Alkayyali v. State*, 713 S.W.3d 780, 790 (Tex. Crim. App. 2025) (plurality op.) (citing *Medina v State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999)).

The second factor, the state of the evidence, also weighs against finding egregious harm. The jury heard evidence that Vela was shot in the head twice before Appellant fled the scene. It is unlikely to believe that a jury would have found Appellant intended to shoot Vela but also failed to find that Appellant thereby intended to cause, or knew that it would cause, the death of Vela and her baby. *See Medina*, 7 S.W.3d at 640) (explaining that "for knowing murders, the distinction between result of conduct and nature of conduct blurs because awareness of the result of the conduct necessarily entails awareness of

8

the nature of the conduct as well . . . . To be aware that his conduct is reasonably certain to result in death, the actor must also be aware of the lethal nature of his conduct . . . .").

The third factor we consider is the arguments of counsel. Appellant's theory of the case was that his use of deadly force was an act of self-defense. As Appellant's counsel argued in closing, Appellant claimed that he and Vela were arguing, then "she went for her gun, he got his out first, and he shot her." Appellant further suggested that an unknown individual shot Vela a third time after Appellant left her. Neither approach made a distinction between the nature of conduct and the result of conduct. Instead, the focus was on whether Appellant reasonably believed deadly force was necessary when he shot Vela. We conclude that the third factor does not support a finding of egregious harm.

The fourth factor requires us to consider other relevant information revealed by the record. We identify none pertinent to this issue and therefore consider this factor neutral.

We conclude the record does not reveal actual harm suffered by Appellant. Because the error in the charge was not so egregious as to deprive Appellant of a fair and impartial trial, we overrule his second issue.

Issue 3: Mens Rea Requirement

In his third issue, Appellant asserts that the jury charge did not make clear that, to convict Appellant, the jury had to find beyond a reasonable doubt that he intentionally and knowingly killed Vela and intentionally and knowingly killed her unborn baby. Appellant did not raise any objection to the charge on this basis at trial. We apply the same standard of review as set forth in our analysis of Appellant's second issue, above.

9

We must first determine whether the charge was erroneous. *Cortez*, 469 S.W.3d at 598. The charge provides, "Our law provides that a person commits the offense of Murder if he intentionally or knowingly causes the death of an individual. Our law provides that a person commits capital murder when such person, murders more than one person in the same criminal transaction." These definitions are sufficiently clear to enable the jury to apply the definition of one term for use in another paragraph. Further, the application paragraph makes clear that the jury had to consider intent for each murder. It provided that a finding of guilt required finding that Appellant "intentionally or knowingly cause[d] the death of an individual, namely KENDRA JO VELA . . . and . . . intentionally or knowingly cause[d] the death of another individual, the unborn child of KENDRA JO VELA . . . ." Absent any evidence to the contrary, we presume that the jury understood and followed the court's charge. *Miles v. State*, 204 S.W.3d 822, 827–28 (Tex. Crim. App. 2006). Thus, we presume that the jury found Appellant guilty of capital murder pursuant to the application paragraph, which required that he intentionally or knowingly killed Vela and intentionally or knowingly killed her unborn baby. Because we find no error in the charge, the harm analysis is not necessary. We overrule Appellant's third issue.

Issue 4: "Without Justification"

The trial court denied Appellant's request that the charge read, "Our law provides a person commits the offense of murder if, without justification," the person commits an offense under section 19.02(b) of the Penal Code. Appellant claims, by his fourth issue, that he was harmed by the jury charge because it did not include the phrase "without justification" in the definition of murder.

The court's instruction tracks the language of the Texas Penal Code provision for murder. *See* TEX. PENAL CODE § 19.02(b)(1) ("A person commits an offense if the person intentionally or knowingly causes the death of an individual . . . ."). "A jury charge which tracks the language of a particular statute is a proper charge on the statutory issue." *Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994) (en banc).

The trial court then addressed Appellant's justification claim by further instructing the jury on self-defense, which was the only justification at issue. *See Alonzo v. State*, 353 S.W.3d 778, 781 (Tex. Crim. App. 2011) (justification is umbrella term for category of defenses under Chapter 9 of Penal Code). The instruction provides:

> Under our law, a person is justified in using force against another when and to the degree that he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force. The use of force is not justified in response to verbal provocation alone.
>
> A person is justified in using deadly force against another if he would be justified in using force against the other in the first place, as set out above, and when he reasonably believes that such deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force.

Appellant has not cited to any authority, and we are not aware of any, requiring that the trial court address a justification claim in the manner advocated by Appellant. Because we find no error in the court's charge as given, we overrule Appellant's fourth issue.

Issue 5: Constitutionality of Statute

In his final issue, Appellant challenges the constitutionality of section 1.07(a)(26) of the Texas Penal Code, which defines an "individual" as "a human being who is alive,

including an unborn child at every stage of gestation from fertilization until birth." TEX. PENAL CODE § 1.07(a)(26). Appellant asserts that treating Vela's five-to-six-week-old embryo as an "individual" under the law violates the Due Process, Supremacy, and Establishment Clauses of the United States Constitution.

Even constitutional complaints are waived if not first raised in trial court. *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). A challenge to the constitutionality of a statute must be preserved in the trial court and may not be raised for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (preservation of facial challenge); *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) (preservation of as-applied challenge).

As Appellant acknowledges, no objection was made in the trial court regarding this complaint.[3] We therefore conclude that Appellant failed to preserve his fifth issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(1). Accordingly, issue five is overruled.

## CONCLUSION

Having overruled each of Appellant's five issues on appeal, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.

---

[3] Appellant cites *Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987), for the proposition that he may raise the constitutionality issue for the first time on appeal. However, the rule stated in *Rabb* was overruled in *Karenev*, 281 S.W.3d at 434.