TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00513-CR







Raymond Edward Long, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 416-794, HONORABLE DAVID CRAIN, JUDGE PRESIDING






 Appellant Raymond Edward Long appeals from a jury conviction of harassment. 
Tex. Penal Code Ann. § 42.07(a)(7) (West 1994). (1) The trial court assessed punishment at
confinement in the county jail for 180 days. We are presented with eight points of error in which
appellant urges that the statute under which he was convicted is unconstitutional and that the
evidence is neither legally nor factually sufficient to sustain his conviction. We will affirm the
judgment.

 The Penal Code provides:



§ 42.07. Harassment


 (a)  A person commits an offense if, with intent to harass, annoy, alarm,
abuse, torment, or embarrass another, he:


* * * * *



 (7)(A)  on more than one occasion engages in conduct directed specifically
toward the other person, including following that person, that is reasonably likely
to harass, annoy, alarm, abuse, torment, or embarrass that person;


    (B) on at least one of those occasions by acts or words threatens to inflict
bodily injury on that person or to commit an offense against that person, a member
of that person's family, or that person's property; and


    (C)  on at least one of those occasions engages in the conduct after the
person toward whom the conduct is specifically directed has reported to a law
enforcement agency the conduct described by this subdivision.



Tex. Penal Code Ann. § 42.07(a)(7)(A), (B), (C) (West 1994). The State alleged that appellant
on more than one occasion intentionally engaged in conduct directed specifically toward the
victim, which conduct was reasonably likely to, and did, harass, annoy, alarm, abuse, and torment
the victim. The conduct alleged was that appellant (1) on September 30, 1993 threatened to inflict
serious bodily injury upon the victim by seizing her head and neck, (2) on February 15, 1994
seized the victim's arm, and (3) on March 29, 1994 parked his motor vehicle outside the victim's
residence. It was further alleged that appellant engaged in at least one of the alleged instances of
conduct after the victim reported the prior alleged conduct to the Austin City Police Department.

 In his first point of error, appellant asserts that "[t]he trial court erred in rendering
judgment against appellant in that § 42.07(a)(7)(A) . . . is impermissibly vague under the
Constitution of the United States." Appellant did not raise any constitutional issues in the trial
court. Even constitutional issues may be waived if not asserted in the trial court. See e.g.,
Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994); Briggs v. State, 789 S.W.2d 918,
924 (Tex. Crim. App. 1990). However, the Court of Criminal Appeals has held that questions
involving the constitutionality of a statute upon which a defendant's conviction is based should
be addressed by appellate courts, even when such issues are raised for the first time on appeal. 
Rabb v. State, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987); Moore v. State, 672 S.W.2d 242,
243 (Tex. App.--Houston [14th Dist.] 1983, no pet.). A statute is void for vagueness when it fails
to give a person of ordinary intelligence fair notice of what conduct the statute prohibits, or is so
indefinite that it encourages arbitrary arrests and convictions. Kolander v. Lawson, 461 U.S. 352,
357 (1983); Papachristou v. Jacksonville, 405 U.S. 156, 162 (1972); Coleman v. State, 632
S.W.2d 616, 619 (Tex. Crim. App. 1982); Sabine Consol., Inc. v. State, 816 S.W.2d 784, 786
(Tex. App.--Austin 1991, pet. ref'd).

 Appellant argues that while subsection (a)(7)(A) incorporates the reasonable person
standard in determining whose sensibilities must be offended and so avoids one pitfall which
rendered the pre-1983 statute unconstitutionally vague, it does not define the terms harass, annoy,
alarm, abuse, torment, or embarrass as they relate to subsection (a)(7))(A), forcing men of
common intelligence to once again necessarily guess at the statutes meaning. As before 1983,
appellant argues the conduct proscribed is subject to an "unascertainable standard" in violation
of the constitution. See Kramer v. Price, 712 F.2d 174, 178 (5th Cir. 1983). We disagree with
this argument. The revised statute adequately defines the conduct it makes a crime, and it
provides guidelines for its enforcement.

 When the constitutionality of a statute is attacked, we begin with the presumption
that the statute is valid. Ex parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). A
party challenging a statute's constitutionality has the burden of proof. Robinson v. Hill, 507
S.W.2d 521, 524 (Tex. 1974); Moore v. State, 672 S.W.2d 242, 243 (Tex. App.--Houston [14th
Dist.] 1983, no pet.). Appellant acknowledges that domestic violence and stalking are major
problems and that the State has a right to deal with these problems and regulate conduct, so long
as the statute is focused specifically toward the conduct the State wishes to prevent. We agree. 
Indeed, if these problems are not dealt with, problems of greater magnitude may result. In the
absence of effective statutes, some members of society may protect themselves or their families
from harassment, annoyance, alarm, abuse and torment by resorting to self-help that will result
in even more serious criminal conduct. On the other hand, in the absence of effective statutes
members of society who are too weak or not inclined toward self-help will, without remedy,
unjustifiably suffer the indignities and real harm caused them by those whose conduct would
harass, annoy, alarm, abuse and torment.

 The terms harass, annoy, alarm, abuse, and torment which appellant claims are not
defined relate to specific proscribed conduct. That conduct is defined so that the use and meaning
of these words are limited to the specific conduct condemned. The statute requires that the
condemned conduct be directed at a specific person. The sensitivity of that person is measured
by the reasonable person standard. The condemned conduct must occur on more than one
occasion. That conduct on at least one occasion must be a threat to inflict bodily injury on the
specific person or that conduct must be the commission of an offense against the specific person,
a member of that person's family, or that person's property. In addition, the condemned conduct
must occur at least once after the person toward whom the conduct is specifically directed has
reported prior condemned conduct to a law enforcement agency. We conclude that a person of
ordinary intelligence can determine from the statutory language what conduct is criminal conduct,
and that the statute provides guidelines for its enforcement. Since we find that the statute is not
facially vague, we will not further consider appellant's claim first made on appeal that the statute
"is certainly vague as applied to him." See Garcia, 887 S.W.2d at 861. We hold that section
42.07 is not unconstitutionally vague.

 The question of whether the statute is overbroad and impinges on First Amendment
rights was not raised in the trial court and has not been adequately briefed on appeal. Appellant
merely argues that "when a law reaches a substantial amount of constitutionally protected conduct,
as it undoubtedly does here, and when it imposes criminal penalties, it may be held invalid on its
face even if it could have some valid application." Appellant does not explain what constitutional
conduct is "undoubtedly" reached by this statute. The words harass, annoy, alarm, abuse, and
torment are used in a context as we have explained that relate only to specific conduct that is
justifiably condemned as criminal conduct. When considered in context, these words do not allow
infringement on First Amendment rights. Appellant's first point of error is overruled.

 In his second point of error, appellant argues that "the trial court erred in rendering
judgment against [him] in that his conviction under the facts of this case violates the due process
clause of the fourteenth amendment to the constitution of the United States." Appellant complains
that since he was not under a lawful restraining order and since he was obeying a criminal trespass
warning, he should not have been charged and convicted of this offense. To do so, he says, was
unfair and unconstitutional. Appellant's argument might be appropriate if he had been charged
with the crime of criminal trespass, but he was charged under the harassment statute. The facts
and circumstances of the case justify the charge that was brought against him. We find no due
process violation and no merit in this argument. Appellant's second point of error is overruled.

 In points of error three, four, and five, appellant asserts that the evidence is legally
insufficient to support his conviction. In reviewing the legal sufficiency of the evidence, the
relevant question is whether, after reviewing the evidence in the light most favorable to the State,
any rational trier of fact could have found the essential elements of the criminal offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988).

 We will summarize the facts. Appellant and the victim lived together for over two
years. Appellant who is six feet two inches tall and has a prosthesis below his knee, has great
upper body strength and is "extremely mobile." He could run when wearing his prothesis, and
he moved quickly in a wheelchair. Appellant started verbally abusing the victim soon after they
commenced living together and this conduct escalated prior to September 30, 1993. On that day,
appellant grabbed the victim in a head lock, restrained, and choked her. She managed to escape
and spent the night with the apartment manager. Appellant apologized, and the victim returned
to live with him. On February 15, 1994, appellant seized the victim, seated her in a chair, and
then kicked the chair over causing her to fall backwards onto the floor. Appellant then jumped
on top of her, twisted her wrists, and began choking her. Police arrived at the apartment as this
was happening. Appellant saw the police coming and exclaimed, "Oh, great. Somebody's called
the police." The police gave appellant a trespass warning telling him not to go near the victim's
apartment. The victim moved to another apartment on the other side of the complex, and
appellant moved out of the complex. Early on March 29, 1994 the victim received a telephone
call from the apartment manager who told her that appellant was "sitting across the street and had
been for a while." Appellant's truck was headed in the wrong direction, therefore unlawfully
parked across the street from the apartment complex so that he had a direct view of the door of
the victim's apartment. She became upset, feeling that she was being watched and harassed. The
police were called, and as they approached appellant's truck he ducked down below the window. 
When questioned about his presence there, appellant told police he was waiting for a friend. After
the apartment manager came to the scene, appellant said he was having a difficult time dealing
with his separation from the victim. He said they had broken up only thirty-five days before, and
she was already seeing someone else. Appellant was allowed to leave, but later a warrant was
issued, and he was arrested.

 Appellant contends that the evidence is insufficient to prove three separate elements
of the charged offense. Specifically, he urges that the evidence is insufficient to show that his
conduct in parking his truck at the apartment complex on March 29 was conduct that (1) was
specifically directed toward the victim, (2) was done with the intent to harass, annoy, alarm,
abuse, or torment the victim, or (3) was reasonably likely to harass, annoy, alarm, abuse, or
torment the victim. Evidence of appellant's verbal abuse and physical abuse on two occasions
must be considered in conjunction with appellant's conduct in parking his truck where he did. 
Appellant unlawfully parked his truck in the only place outside the complex where he could
clearly observe the victim's apartment. If he had parked anywhere else on the street, or had
parked lawfully, his view would have been obscured. Appellant no longer lived in the complex. 
Other than his allusion to waiting for a friend, appellant had no legitimate reason for parking his
truck there. The jury could have inferred from appellant's statement that he resented the victim
seeing someone else only thirty-five days after they had separated, and that he had been watching
the victim on other occasions. The jury could also infer from all the evidence that the victim was
in fear of physical injury and that appellant knew she had such apprehension. Appellant's attempt
to hide from the police when they approached his truck was evidence that he knew his conduct
was wrong.

 We have little difficulty in concluding that the jury, considering all of the evidence,
could find that the appellant's conduct, in parking his truck where he did and watching the
victim's front door, was specifically directed toward the victim, that he knew it was reasonably
likely to harass, annoy, alarm, abuse, and torment the victim, and that it was done with the intent
to harass, annoy, alarm, abuse and torment the victim. We hold that the evidence is legally
sufficient to support appellant's conviction. Appellant's points of error three, four, and five are
overruled.

 In points of error six, seven, and eight, appellant contends that the jury's verdict
was against the great weight and preponderance of the evidence. He submits that the evidence is
factually insufficient to establish that his conduct in parking his truck on March 29 was
specifically directed toward the victim, that it was reasonably likely to harass, annoy, abuse,
alarm, or torment the victim, or that it was his intent to do so.

 This Court has held that it may review the factual sufficiency of the evidence when
there is a claim that the jury's verdict is against the great weight and preponderance of the
evidence. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd). If the
verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust, the verdict should be set aside. Id.; see also Orona v. State, 823 S.W.2d 319 (Tex.
App.--Austin 1992, no pet.). Contra Clewis v. State, 876 S.W.2d 428 (Tex. App.--Dallas 1994,
pet. granted). Without viewing the evidence in the light most favorable to the State, and after
considering and weighing all of the evidence, we conclude that the jury's verdict is not so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Therefore, we
overrule appellant's points of error six, seven, and eight.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices B. A. Smith and Dally*

Affirmed

Filed: May 31, 1995

Do Not Publish Released for publication July 12, 1995. Tex. R. App. P. 90(c).









* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988). 

1.   This offense took place before September 1, 1994 and is governed by the law in effect at
the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex.
Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994 have no
substantive effect on this offense, the current Code is cited for the sake of convenience.