

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0822-08

**NIKOLAI IVANOV KARENEV, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS DENTON COUNTY**

COCHRAN, J., filed a concurring opinion in which PRICE, WOMACK and JOHNSON, JJ., joined.

### OPINION

I concur in the judgment of the Court. Although I agree with much of the majority's reasoning, I think it paints with too broad a brush. In particular, I respectfully disagree with the absolutist conclusion "that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."[1] What is particularly ironic in this case is that appellant did not, in fact, raise a facial challenge to the constitutionality of the harassment

---

[1] Majority Op. at 11.

statute, so this is an "all hat and no cattle" theoretical issue.

## A.      "Facial" vs. "As Applied" Constitutional Challenges.

First, what is the difference between a facial challenge and an "as applied" challenge

to the constitutionality of a penal statute?  Evidence.  A facial challenge is based solely upon

the face of the penal statute and the charging instrument, while an applied challenge depends

upon the evidence adduced at a trial or hearing.

> A facial challenge to the constitutional validity of a statute considers only the
> text of the measure itself, and not its application to the particular
> circumstances of an individual.  A party asserting a facial challenge to a statute
> seeks to vindicate not only his own rights, but also those of others who may
> also be adversely impacted by the statute in question.[2]

For example, in *Lawrence v. Texas*,[3] the defendants successfully challenged the facial

constitutionality of the Texas sodomy statute without producing one whit of evidence.[4]  As

the lower court had noted in *Lawrence*, "because appellants subsequently entered pleas of

*nolo contendere,* the facts and circumstances of the offense are not in the record. . . . Thus,

the narrow issue presented here is whether [Penal Code] Section 21.06 is facially

unconstitutional."[5]  The defendants did not need any evidence other than the fact of their

prosecution to give them standing to challenge the constitutionality of the penal statute under

---

[2] 16 C.J.S. Constitutional Law § 113, at 149 (2005).

[3] 539 U.S. 558 (2003).

[4] *Id.* at 563.

[5] *Lawrence v. State*, 41 S.W.3d 349, 350 (Tex. App.—Houston [14th Dist.] 2001), *rev'd*, 539 U.S. 558 (2003).

which they were convicted.  A facial attack upon a penal statute is solely and entirely a legal question and is always subject to *de novo* review.[6]  It can be brought before any trial, during any trial, or after any trial because it is wholly divorced from the specific facts of the purported crime.[7]

**B.    Why Appellate Courts Should Entertain a Facial Challenge to the Constitutionality of a Penal Statute.**

There are two good reasons why appellate courts should entertain a facial challenge to the penal statute setting out the offense for which the defendant was convicted, even when it is raised for the first time on appeal:[8]

---

[6] *See generally, Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997); *Henderson v. State*, 962 S.W.2d 544, 551 (Tex. Crim. App. 1997); *see also* 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43.444, at 672 (2d ed. 2001) ("Purely 'legal question[s]' are always reviewed *de novo* review on appeal.  Appellate courts have no authority to in any way defer to the trial court's resolution of them.").

[7] *See, e.g., United States v. Williams*, 128 S.Ct. 1830, 1838 (2008) (defendant pled guilty to pandering child pornography, but reserved his right to challenge its facial constitutionality on both overbreadth and vagueness grounds).

[8] Although I think that the majority paints with too broad a brush, I think that "the *Rabb* rule" paints with an even broader brush in the opposite direction.  In *Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987), this Court stated:
> Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal.
*Id.*  That sentence is subject to considerable misunderstanding and misapplication.  One might think that *any* statute applicable to a criminal prosecution could be challenged as facially invalid for the first time on appeal.  Clearly, that is not so.
The correct statement, at least under federal law, is that a defendant may raise for the first time on appeal the constitutionality of the statute creating and defining the crime for which the defendant has been convicted.  See note 9 *infra*; *see also Anthony v. State*, 209 S.W.3d 296, 304 (Tex. App.—Texarkana 2006, no pet.) (defendant could raise facial challenge to the city trespassing regulation for the first time on appeal because a "facial challenge claims that a statute

(1)	American law prohibits the conviction and punishment of a person under an unconstitutional penal statute;[9] in other words, it is an "absolute requirement"

---

is 'invalid in toto–and therefore incapable of any valid application'") (quoting *Steffel v. Thompson,* 415 U.S. 452, 474 (1974)); *Sullivan v. State*, 986 S.W.2d 708, 711 (Tex. App.—Dallas 1999, no pet.) (defendant was not required to raise in trial court his constitutional challenge that the indecency-with-a-child statute was facially invalid and therefore void *ab initio*); *Ravenbark v. State*, 942 S.W.2d 711, 711 (Tex. App.—Houston [14th Dist.] 1997, no pet.) ("The statute under which appellant was convicted was declared unconstitutional for vagueness in *Long v. State,* 931 S.W.2d 285, 297 (Tex. Crim. App.1996). Appellant did not challenge the constitutionality of the statute in the trial court, nor did she raise the issue in her brief filed in this court . . .; nor has she filed an amended brief raising the issue following the decision in *Long.* This, however, does not amount to a waiver. . . . Accordingly, on this direct appeal from a conviction under a void statute, we hold the judgment is void.").

On the other hand, unconstitutional procedural statutes or evidentiary rules do not affect the jurisdiction of the court, its authority, or its power to render a judgment. Therefore, the failure to object in the trial court waives any appellate claim. *See Webb v. State,* 899 S.W.2d 814, 817-19 (Tex. App.—Waco 1995, pet. ref'd) (noting that "because a statute criminalizing the defendant's conduct is necessary to the jurisdiction of the convicting court, the *Rabb* rule is properly applied when the defendant challenges the constitutionality of the specific statute he is charged with violating."; distinguishing that rule from a facial attack on the constitutionality of a statute relating to arrests as that statute does not go to the judicial power of the court to enter and enforce a judgment of conviction; holding that the usual rules concerning error preservation apply to such procedural statutes); *Lasher v. State*, 202 S.W.3d 292, 296 (Tex. App.—Waco 1995, pet. ref'd) (quoting and following *Webb*).

[9] Well over a century ago, the Supreme Court stated, "If the law which defines the offense and prescribes its punishment is void, the court was without jurisdiction and the prisoners must be discharged." *Ex parte Yarbrough (The Ku Klux Klan Cases)*, 110 U.S. 651, 654 (1884). Similarly, in *Ex parte Siebold*, 100 U.S. 371 (1879), the Supreme Court held that if the law that defines a criminal offense is unconstitutional, then

> it affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment.

*Id.* at 376-77. Justice Scalia repeated that basic proposition over a hundred years later: "[A] law repugnant to the Constitution 'is void, and is as no law.'" *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 760 (1995) (Scalia, J., concurring). The same is true in Texas. *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001) (defendant is entitled to file for pretrial habeas relief when he alleges "that the statute under which he or she is prosecuted is unconstitutional on its face; consequently, there is no valid statute and the charging instrument is void").

We do not put people in prison for non-crimes or for violating an unconstitutional penal statute, such as the now-defunct sodomy statute. Courts frequently delve deeply into the intricate

that a person be criminally punished only for the violation of a valid penal law;[10] and

---

distinctions between "void" laws, "voidable" laws, and a trial court's jurisdiction, power, or authority over a "void" or unconstitutional law, but Justice Scalia has the proper laymen's approach: just ignore it. 514 U.S. at 760. An unconstitutional penal law has no force and no effect. Courts ignore or disregard it. According to Justice Scalia, "In fact, what a court does with regard to an unconstitutional law is simply to *ignore* it. It decides the case "*disregarding the [unconstitutional] law.*" *Id.* (emphasis in original). And if the law defining a penal offense is facially unconstitutional, then no prosecution is valid, no conviction is valid, and no judgment is valid. All three may be ignored or disregarded. For example, the sodomy statute, TEX. PENAL CODE § 21.06, is still on the books some five years after *Lawrence,* but it is not and cannot be enforced.

[10] *See Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) ("any party entitled to appeal is authorized to complain that an absolute requirement or prohibition was violated, and the merits of his complaint on appeal are not affected by the existence of a waiver or a forfeiture at trial"). Post-*Marin* Texas cases have assumed that conviction under a facially unconstitutional penal statute is a category one–fundamental and jurisdictional–right that cannot be waived. *See Barnett v. State*, 201 S.W.3d 231, 232-33 (Tex. App.—Fort Worth 2006, no pet.) (stating that "if the statute giving rise to a prosecution is unconstitutional, it is void from its inception, is no law, confers no rights, bestows no power on anyone, and justifies no act performed under it. . . . Requiring the defendant to preserve such a challenge in the court below on pain of waiver could result in a criminal conviction based upon an unconstitutional statute."); *Adams v. State*, 222 S.W.3d 37, 53 (Tex. App.—Austin 2005, pet. ref'd) ("A facial constitutional challenge to the statute under which a defendant has been charged may be raised for the first time on appeal because the facial challenge affects the jurisdiction of the trial court to have entered a judgment."); *Long v. State,* 903 S.W.2d 52, 54 (Tex. App.—Austin 1995) (addressing facial constitutional challenge to the anti-stalking statute even though defendant had not raised that issue in the trial court and holding that statute was not unconstitutionally vague), *rev'd,* 931 S.W.2d 285, 287 & n.3 (Tex. Crim. App.1996) (reversing conviction and holding that statute was facially unconstitutional on vagueness grounds; noting, "Although appellant did not raise his constitutional challenge at trial, the Court of Appeals held it appropriate to address his facial attack on the statute for the first time on appeal. The State does not challenge that holding."); *See also, Herrera v. Commonwealth,* 483 S.E.2d 492, 493-95 (Va. Ct. App. 1997) (stating that "'[a] court lacks jurisdiction to enter a criminal judgment if the judgment is predicated upon an unconstitutional or otherwise invalid statute or ordinance'"; defendant was not procedurally barred from relief on appeal even though he had not challenged facial unconstitutionality of statute in trial court; "Because the dispositive issue here is one of jurisdiction, we hold that its determination is not procedurally defaulted by [defendant's] failure to raise it."); *Trushin v. State*, 425 So.2d 1126, 1129-30 (Fla. 1982) (even though defendant had not raised facial challenges to penal statute under which he was convicted in trial court, appellate court must "'consider their merits because a conviction for the violation of a facially invalid statute would constitute

(2)      Appellate courts are in at least as good a position as trial courts to review the purely legal question of whether a particular penal statute is facially unconstitutional.[11]

_____

fundamental error'"; "Only the constitutionality of the statute under which [defendant] was convicted was the kind of alleged error which *must* be considered for the first time on appeal because the arguments surrounding the statute's validity raised a fundamental error.").

[11] *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008) ("Because statutory interpretation is a question of law, this court conducts a *de novo* review."); *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App.1997).   *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  As we explained in *Moff*,

> Prior to our decision in *Guzman* . . . , abuse of discretion was the standard employed by our Court when reviewing a trial court's decision to quash an indictment. But we did not have occasion to analyze its appropriateness. However, we now determine that a *de novo* review is more appropriate in a case such as the one before us. The amount of deference appellate courts afford a trial court's rulings depends upon which "judicial actor" is better positioned to decide the issue. . . . The sufficiency of an indictment is a question of law. When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a *de novo* review of the issue. While this case is different from *Guzman* in that it involves the Appellee's due process right to notice of the charges against him, our reasoning for modifying the standard of review is the same. The trial court's decision in this case was based only on the indictment, the motion to quash, and the argument of counsel, so the trial court was in no better position than an appellate court to decide this issue.

*Id.  See also Staples v. United States*, 511 U.S. 600, 612 n.6 (1994) ("the *mens rea* requirement under a criminal statute is a question of law, to be determined by the court").

When it comes to factual findings, the trial court, not the appellate court, is in a better position to make the determination.  As the Supreme Court explained in *Anderson v. City of Bessemer,* 470 U.S. 564, 574 (1985),

> The rationale for deference to the original finder of fact is not limited to the
>
> superiority of the trial judge's position to make determinations of credibility. The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise. Duplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources. In addition, the parties to a case on appeal have already been forced to concentrate their energies and resources on persuading the trial judge that their account of the facts is the correct one; requiring them to persuade three more judges at the appellate level is

First, I do not think that the majority is suggesting that it is quite acceptable to send someone to prison for violating an unconstitutional penal statute if that person failed to object to the statute's unconstitutionality in the trial court. But its language could well be misconstrued as allowing persons who are not guilty of violating any valid penal statue to be punished nonetheless if they failed to complain soon enough. The moral of that story would be: Because you were a slowpoke at noticing that you were not guilty of any valid criminal offense, we will punish you as if you really were guilty of some valid criminal offense. That is not the American way: every person has an absolute, fundamental, and unforfeitable right to be punished only for the violation of a valid criminal statute.[12]

Second, the general rationale for requiring an objection in the trial court to preserve error on appeal simply does not apply when the claim is that the penal statute is facially unconstitutional and cannot be used to punish any person, now or in the future.[13] The two

---

> requiring too much. As the Court has stated in a different context, the trial on the
> merits should be "the 'main event' ... rather than a 'tryout on the road.' "

*Id.* But when the appellate court is reviewing the facial validity of a statute defining the penal offense, it does not need a trial or evidence or facts. Review of the law itself, unencumbered with facts, is "the main event," and appellate judges, at least in theory, are more experienced in resolving issues of pure law.

[12] *See* note 9, *supra.*

[13] Indeed, I do not think that an objection in the trial court is necessary to preserve an "as applied" challenge to the constitutionality of the penal statute upon which the defendant is convicted. As I have previously stated,

> A defendant must make an "as applied" challenge to the constitutionality of a
> *procedural* statute in the trial court. That timely challenge gives the trial court an
> opportunity to decline to apply that procedural statute or make appropriate

main reasons for requiring a contemporaneous objection in the trial court are (1) to give the

opposing party an opportunity to respond or cure the problem before it becomes error; and

(2) to give the trial judge an opportunity to prevent the error from occurring.[14]   A third

rationale is that "judicial economy requires that issues be raised first in the trial court to spare

---

> modifications to its operation. But the trial court can do nothing more or less than an appellate court when the defendant challenges the constitutionality of a *penal* statute under which he is prosecuted after all of the evidence is submitted and a jury has returned a guilty verdict. If the defendant prevails on his "as applied" constitutional claim, there will be no new trial. There is only one remedy for either the trial or appellate court: dismiss the indictment and enter an acquittal because the defendant was convicted under an unconstitutional application of an otherwise valid penal statute. The contemporaneous-objection rule, essential though it may be in most contexts, serves little purpose in a post-trial proceeding attacking the constitutionality of a penal statute as it was applied.
>
> It is polite to give the trial judge the first crack at determining whether a penal statute was applied unconstitutionally to the defendant under a specific body of evidence, but the trial judge can do nothing to salvage its operation or correct its application. The purpose of the contemporaneous-objection rule is to provide both the trial judge and the opposing party an opportunity to avoid or correct potential errors and thus avoid a procedurally improper conviction and a subsequent retrial.  That purpose is not served when, after the jury returns its verdict, the defendant challenges the constitutionality of a penal statute as it was applied.  If the defendant is correct, the conviction disappears, and he cannot be held criminally liable. If the defendant is incorrect, the conviction stands.

*Flores v. State*, 245 S.W.3d 432, 443-44 (Tex. Crim. App. 2008) (Cochran, J., concurring) (footnotes omitted).

[14] *See Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004) ("Preservation of error is not merely a technical procedural matter by which appellate courts seek to overrule points of error in a cursory manner. Fairness to all parties requires a party to advance his complaints at a time when there is an opportunity to respond or cure them."); *Maynard v. State*, 685 S.W.2d 60, 65 (Tex. Crim. App. 1985) (noting that "the purpose of an objection [made at trial] is twofold: first, a specific objection is required to inform the trial judge of the basis of the objection and afford him or her an opportunity to rule on it; and second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony.").

the parties and the public the expense of a potentially unnecessary appeal."[15]

The first two rationales do not apply when a penal statute defining the criminal offense is facially unconstitutional in its entirety. The statute cannot be repaired by the parties or the trial judge. The only two options at the trial level are to dismiss the charges or proceed with the prosecution.

The third rationale, conservation of scarce judicial resources, does apply when the prosecutor or judge agrees with the defendant that the penal statute is facially unconstitutional, the charges are dismissed, and there is no appeal from dismissal. But the likelihood of that occurring is minuscule. Trial judges very rarely declare a penal statute unconstitutional; prosecutors would generally be remiss if they failed to appeal a ruling that a legislatively enacted penal statute was unconstitutional and therefore unenforceable; and public policy is best served by a published appellate decision declaring a penal statute

---

[15] *Beall v. Ditmore*, 867 S.W.2d 791, 793-94 (Tex. App.—El Paso 1993, writ denied); *see generally, Young v. State*, 826 S.W.2d 141, 149 (Tex. Crim. App. 1991) (Campbell, J., dissenting). In *Young*, Judge Campbell explained that there

> are many rationales for this raise-or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to the trial court; that fairness to all parties requires a litigant to advance his complaints at a time when there is an opportunity to respond to them or cure them; that reversing for error not raised in the trial court permits the losing party to second-guess its tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a trial court it erred when it was never presented with the opportunity to be right. The princip[al] rationale for the rule, however, is judicial economy. If the losing side can obtain a reversal on a point not argued in the trial court, the parties and the public are put to the expense of a retrial that could have been avoided by better lawyering. Furthermore, if the issue had been timely raised in the trial court, it could have been resolved there, and the parties and the public would have been spared the expense of an appeal.

*Id.*

facially unconstitutional and therefore unenforceable against any person. Thus, while it is conceivable that requiring a defendant to complain of a penal statute's facial unconstitutionality in the trial court might save some scare judicial resources, that expense is a very small price to pay when balanced against the bedrock American notion that we do not convict and punish people for unconstitutional crimes. Surely this Court would not, after the Supreme Court's decision in *Lawrence v. Texas*, uphold a sodomy conviction today even though the defendant had not complained in the trial court about the unconstitutionality of the "still in the books" sodomy statute.

**C.      Appellant did not make a facial challenge to the constitutionality of the harassment statute.**

But all's well that ends well. Appellant did not raise–either in the trial court or the appellate court–a facial challenge to the constitutionality of the harassment statute. I quote his second Point of Error on direct appeal and associated argument *in toto*:[16]

> Penal Code 42.07(a) is Unconstitutionally Vague so that a Person of Ordinary Circumstances Cannot Tell What Is Prohibited and What Is Not
>
> The plain requirement of the statute is for *repeated* proscribed emails to have been sent by the defendant to permit conviction under the statute. The evidence presented by the state showed only separate different emails sent on five occasions. . . . None of the emails were either repeated or closely tracked one another. There is no profanity or other offensive language threatening the well being of the alleged victim. They are, in short, messages from a husband who has separated from his wife to his wife.

---

[16] I have omitted appellant's references to the reporter's record and indicated their omission by ellipses.

> The defendant testified . . . that the purpose of the communication were to reach an agreement without going through a messy divorce. One exhibit . . . is an invited response to a communication from the alleged victim accusing the defendant of changing a password to an account of some nature. . . . Another is a statement of comfort to the alleged victim about lighting a candle at their common church for her.
>
> The conduct the State has shown in this trial is so vaguely put forth that it violates the standard set forth in **Kramer v. Price**, **712 F.2d 174 (5th Cir.1983)** that a person of ordinary circumstances cannot tell what is prohibited and what is not.
>
> Additionally, **Art. 1, Sec. 8 of the Texas Constitution** provides "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.["] That is all the record in this case shows the defendant to have done.[17]

Whatever type of complaint this was, it most assuredly was not a facial attack upon the constitutionality of the harassment statute. The mere fact that appellant relied upon the evidence at trial shows that his complaint is not a facial attack because that type of attack can and must be made without reference to evidence. It is an attack upon the face of the statute in isolation. Once it does or must refer to specific evidence it has passed out of the "facial attack" arena and has become something else.

Was this then an "as applied" attack upon the constitutionality of the harassment statute? No. Appellant does not contend that the statutory word "repeated" is inherently vague in reference to appellant's conduct, he merely asserts that he had a legitimate reason for sending the emails that he sent on five different occasions. It is an underground attack

---

[17] Appellant's Brief on Direct Appeal at 5-6 (emphasis in original).

upon the sufficiency of the evidence in this particular case to prove that appellant sent "repeated" harassing emails. Appellant's defenses were that (1) he did send the emails, but he had a legitimate reason for doing so; and (2) these emails were not of the sort to cause alarm, embarrassment, etc., to his estranged wife. His was a good jury argument, but the jury disagreed with his factual position, as it was entitled to do. Appellant may put on new clothing and call a sufficiency sheep a constitutional wolf, but that does not make it so.

I think that the court of appeals was mistaken in transforming appellant's subterranean sufficiency of evidence argument into a full-fledged First Amendment attack upon the facial constitutionality of the harassment statute.

It is upon that basis that I agree with the majority's judgment.

Filed: April 22, 2009

Publish