**Mark Anthony LASHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00198–CR.**

Court of Appeals of Texas, Waco.

July 12, 2006.

Discretionary Review Refused Nov. 22, 2006.

William F. Carter, Bryan, for Appellant.

Whitney Smith, Leon County Dist. Atty., Centerville, Sue Korioth, Special Prosecutor, Dallas, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

A jury convicted Mark Lasher of aggravated sexual assault of a child and assessed a forty-five year prison sentence and a $10,000 fine. Asserting five issues, Lasher appeals. We will affirm.

Lasher was indicted with sexually assaulting his seven-year-old niece, A.G., in November 2000. A.G. made an outcry to an aunt, who reported the assault to Child Protective Services, and A.G. was taken to a child's advocacy center, where A.G.'s interview by Nick Canto, a forensic interviewer, was videotaped.

Before trial in June 2002, the State filed a motion to allow the videotaped interview into evidence, claiming that A.G. was unavailable to testify because she would suffer severe emotional and psychological damage if required to testify in court. *See* TEX.CODE CRIM. PROC. ANN. art. 38.071, § 8(a) (Vernon 2005). In a pretrial hearing on the State's motion, the State presented testimony from A.G.'s psychotherapist, who testified that A.G. was suffering from post-traumatic stress disorder, had flashbacks and nightmares, psychotic symptoms such as auditory and visual hallucinations, and significant sleeping difficulty. The psychotherapist opined that it would be destructive, incredibly taxing, and traumatizing for A.G. to testify live at trial and that it would be substantially better for A.G.'s welfare to have written interrogatories propounded to her.

The State suggested that the procedure for propounding written interrogatories to a child under section 2 of article 38.071 be utilized. The trial court agreed with the State's motion and also found that A.G. was unavailable to testify under article 38.071. The trial court noted Lasher's off-the-record objections to this procedure and also refused Lasher's counsel's request to be present or nearby and to be able to present follow-up questions for Canto to pose to A.G. Thereafter, Canto conducted a second videotaped interview of A.G. using the State's and Lasher's written interrogatories.

Before testimony began at trial, Lasher's trial counsel referred to his previous objections to the videotapes of A.G. and also asserted that the use of written interrogatories denied Lasher his Sixth Amendment right to effective assistance of counsel because his lawyer was not allowed to offer follow-up interrogatories during the second videotaped interview.

Lasher's first three issues on appeal allege Confrontation–Clause error because (1) section 2(b) of article 38.071 is facially unconstitutional, (2) the videotaped interviews were admitted, and (3) the trial court refused to allow Lasher's trial counsel to be present and able to submit follow-up written interrogatories during the second videotaped interview. When the videotapes were offered, admitted, and shown to the jury during Canto's testimony, Lasher's trial counsel objected by merely referring to his earlier objections. Lasher's trial counsel did not object at either time on the basis that Lasher's Sixth Amendment Confrontation–Clause right was being violated; he objected only on his Sixth Amendment right to effective assistance of counsel.

▅▅▅ Lasher's complaints on appeal do not comport with the objections that he made in the trial court, which is necessary for preservation of the complaint. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim.App.1995) (point of error must correspond to objection made at trial, and objection stating one legal theory may not be used to support a different legal theory on appeal). For this reason, his complaint has not been preserved for our review. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990); *see also Crawford v. State*, 139 S.W.3d 462, 464 (Tex.App.-Dallas 2004, pet. ref'd) (confrontation claim based on *Crawford v. Washington* must be specifically raised in trial court to preserve complaint for appeal); *Bunton v. State*, 136 S.W.3d 355, 368–69 (Tex.App.-Austin 2004, pet. ref'd) (same). Additionally, objections must be sufficiently specific to make the trial court aware of the complaint; normally, general objections do not preserve a complaint for appeal. TEX. R.APP. P. 33.1(a)(1)(A); *Bunton*, 136 S.W.3d at 367. Lasher's trial counsel's mere references to his earlier, off-the-record objections do not preserve a complaint for appeal. Because Lasher did not preserve his Confrontation–Clause complaints for appeal, we overrule issues two and three.[1]

▅▅▅ Lasher asserts that his first issue—that the second videotaped interview should have been excluded because section 2(b) of article 38.071[2] is facially unconstitutional—may be raised for the first time on appeal.[3] A challenge to the facial con-

---

1. Moreover, the jury heard similar accusatory hearsay testimony through several other witnesses, including an audiotaped interview of A.G. that Lasher's trial counsel requested to be played for the jury. "The admission of inadmissible evidence can be rendered harmless if the same or similar evidence is introduced without objection elsewhere during trial." *Willis v. State*, 785 S.W.2d 378, 383 (Tex.Crim.App.1989); *see Etheridge v. State*, 903 S.W.2d 1, 14 (Tex.Crim.App.1994).

2. Section 2 of article 38.071 provides:

   (a) The recording of an oral statement of the child made before the indictment is returned or the complaint has been filed is admissible into evidence if the court makes a determination that the factual issues of identity or actual occurrence were fully and fairly inquired into in a detached manner by a neutral individual experienced in child abuse cases that seeks to find the truth of the matter.

   (b) If a recording is made under Subsection (a) of this section and after an indictment is returned or a complaint has been filed, by motion of the attorney representing the state or the attorney representing the defendant and on the approval of the court, both attorneys may propound written interrogatories that shall be presented by the same neutral individual who made the initial inquiries, if possible, and recorded under the same or similar circumstances of the original recording with the time and date of the inquiry clearly indicated in the recording.

   TEX.CODE CRIM. PROC. ANN. art. 38.071, § 2 (Vernon 2005).

3. A facial challenge claims that a statute is "invalid *in toto* and therefore incapable of any valid application." *Steffel v. Thompson*, 415

stitutionality of a statute may be raised for the first time on appeal.[4] *See, e.g., Knight v. State*, 91 S.W.3d 418, 425 (Tex.App.-Waco 2002, no pet.) (addressing claim that statute was unconstitutionally overbroad because it allegedly criminalized speech protected by the First Amendment). But that rule is limited: "Questions involving the constitutionality of a statute *upon which a defendant's conviction is based* should be addressed by appellate courts, even when such issues are raised for the first time on appeal." *Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim.App.1987) (emphasis added).

In *Webb v. State*, we thoroughly addressed whether a defendant can raise for the first time on appeal the facial constitutionality of a procedural or evidentiary statute, as opposed to an attack on the statute on which the defendant's conviction was based. *Webb v. State*, 899 S.W.2d 814, 817–19 (Tex.App.-Waco 1995, pet. ref'd). We noted that "because a statute criminalizing the defendant's conduct is necessary to the jurisdiction of the convicting court,

the *Rabb* rule is properly applied when the defendant challenges the constitutionality of the specific statute he is charged with violating." *Id.* at 818. But we distinguished this rule from an attack on the facial constitutionality of an arrest statute in an attempt to suppress evidence seized after the arrest, as such a statute did not go to the judicial power of the court to enter and enforce a judgment. *Id.* at 817–18. Because the admission of evidence obtained as a result of an arrest does not affect the court's jurisdiction to render a judgment against the defendant, we held that the rules of procedural default applied and that the defendant failed to preserve his facial constitutional complaint by not raising it in the trial court.[5] *Id.* at 817–19.

We thus hold that Lasher's complaint that the second videotaped interview of A.G. should not have been admitted because section 2(b) of article 38.071 is facially unconstitutional may not be raised for the first time on appeal.[6] Lasher's first issue is overruled.

4. An "as applied" challenge cannot be raised for the first time on appeal; it must be raised in the trial court. *Adams v. State*, — S.W.3d —, —, 2005 WL 2978174, at *11 (Tex. App.-Austin Nov.4, 2005, no pet. h.). Two courts have recently addressed the complaint that section 2(b) of article 38.071 violated the defendant's constitutional right to confrontation. *See Rangel v. State*, 2006 WL 1563058, at *7–8 (Tex.App.-Fort Worth June 5, 2006 no pet. h.) (holding post-*Crawford* that art. 38.071 was not unconstitutional as applied to defendant because section 2(b)'s provision for use of written interrogatories reasonably protected defendant's right of confrontation); *Smith v. State*, 88 S.W.3d 652, 669–72 (Tex.

U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974). A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *See Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App.1992).

App.-Tyler 2002, pet. ref'd) (holding pre-*Crawford* that admission of videotaped interviews did not violate confrontation right, in part because of use of written interrogatories), *cert. denied*, 537 U.S. 1206, 123 S.Ct. 1283, 154 L.Ed.2d 1051 (2003).

5. "The option of excluding evidence is a "category three" right, which is implemented only upon request." Id. at 817, 123 S.Ct. 1283 (citing *Marin v. State*, 851 S.W.2d 275, 278–79 (Tex.Crim.App.1993)).

6. Lasher's facial attack against section 2(b) of article 38.071 is based on the Confrontation Clause (U.S. CONST. amend. VI) and *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Yet as we note above, a confrontation claim under *Crawford* must be specifically raised in the trial court to preserve a complaint for appeal. *See Crawford v. State*, 139 S.W.3d 462, 464 (Tex.App.-Dallas 2004, pet. ref'd); *Bunton v. State*, 136 S.W.3d 355, 368–69 (Tex.App.-Austin 2004, pet. ref'd). Requiring Lasher to have raised

■ Lasher's fourth issue complains that the trial court erred in refusing Lasher's attempt to present evidence of the Texas Sex Offender Registration Program (a copy of Chapter 62 of the Code of Criminal Procedure) over the State's relevance objection during the punishment phase.

■ In the punishment phase of a non-capital felony trial, the admission of evidence is a question of policy, not of logical relevance. *Mendiola v. State,* 21 S.W.3d 282, 285 (Tex.Crim.App.2000). "Determining what is relevant ... should be a question of what is helpful to the jury in determining the appropriate sentence in a particular case." *Rogers v. State,* 991 S.W.2d 263, 265 (Tex.Crim.App.1999). The trial court has discretion on the admissibility of evidence, and its decision will not be disturbed on appeal unless it falls outside the "zone of reasonable disagreement", *i.e.,* the trial court abused its discretion. *Jones v. State,* 944 S.W.2d 642, 651 (Tex.Crim.App.1996); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990).

In his brief Lasher does not point to any authority directly on point, instead asserting that courts have allowed testimony about inmate classification and prison rehabilitation programs and a study on the success of treated incest offenders. *See Najar v. State,* 74 S.W.3d 82, 87 (Tex.App.-Waco 2002, no pet.); *Peters v. State,* 31 S.W.3d 704, 716–17 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). We find no authority for the admission of statutes into evidence. We thus cannot say that the trial court abused its discretion in excluding the law on the Texas Sex Offender Registration Program. Issue four is overruled.

■ Lasher's fifth issue complains of alleged improper jury argument, asserting that the prosecutor impermissibly commented on Lasher's failure to testify. In this case there was evidence that Lasher's brother (John) had been indicted for the same offense (aggravated sexual assault of A.G.) but had pled guilty to a reduced charge of indecency with a child and received a ten-year prison sentence under a plea bargain. In closing argument, Lasher's trial counsel referred to the evidence of John's offense and sentence and asked for "equal protection under our law." The defense lawyer noted that John had admitted to the aggravated sexual assault of A.G. as a part of his plea bargain, and then said:

> Now the prosecutors may say, well, this is not fair because he [Mark Lasher] didn't admit he was guilty. Okay. Well, what I'm saying is fair under equal justice of our laws that same people be treated same in our courts of law for the same acts you convicted him of.... The crime is horrible, I agree with you, but I'm asking you to consider that as some guidance in your discussion in this case.... And if you sentence him to life, you know, 50, 40 or 30, I don't know what it is, but whatever it is, remember that John Edison Lasher was sentenced to ten years by the same district attorney who will be asking for more, probably. Okay? The only difference is that he admitted his guilt to this charge and my client, Mark, exercised his constitutional right, which each of us has, to a jury trial, and he has received that.

In rebuttal, the prosecutor argued: "Mark Lasher has never taken responsibility for his actions." The trial court overruled the defense objection that the prose-

his facial attack on section 2(b) of article 38.071—which is based on the Confrontation Clause and *Crawford v. Washington*—in the

trial court is thus consistent with these recent cases.

cutor was commenting on Lasher's failure to testify.

Jury argument is limited to: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answers to argument of opposing counsel; or (4) a plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex.Crim.App. 1999); *Sandoval v. State*, 52 S.W.3d 851, 857 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). A comment on an accused's failure to testify violates the accused's state and federal constitutional privileges against self-incrimination. *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex.Crim.App. 2001). To determine whether a party's argument properly falls within one of these categories, we must consider the argument in light of the entire record. *Sandoval*, 52 S.W.3d at 857.

As a response to the defense argument that sought to have the jury treat Lasher the same as his brother despite his brother's guilty plea, the prosecutor's rebuttal was not improper.[7] *See Albiar v. State*, 739 S.W.2d 360, 362 (Tex.Crim.App.1987) ("If the defense counsel invites argument, as is the case here, then it is appropriate for the State to respond."); *Wylie v. State*, 908 S.W.2d 307, 310 (Tex.App.-San Antonio 1995, pet. ref'd); *see also Lange v. State*, 57 S.W.3d 458, 467–69 (Tex.App.-Amarillo 2001, pet ref'd). We overrule the fifth issue.

Having overruled all of Lasher's issues, we affirm the trial court's judgment.

Chief Justice GRAY concurs.

TOM GRAY, Chief Justice, concurring.

This appeal is already over four years old. I will not further delay its disposition by writing an expansive concurring opinion. I did want to note for the readers that by separate order on this date the Court is denying Lasher's motion for rehearing and simultaneously withdrawing the opinion and judgment that were issued March 29, 2006. In the original Memorandum Opinion, without any discussion of the difference between an as-applied unconstitutional challenge versus a facially-unconstitutional challenge to a statute, the majority overruled the confrontation/Crawford issues "because Lasher did not preserve his Confrontation Clause complaints for appeal. . . ." In response to the majority's disposition and in an effort to expedite the disposition, although I disagreed with the no-preservation determination because it was a facially-unconstitutional challenge, I simply had the opinion note that I concurred in the result without a separate opinion. I had already looked at the issue of whether or not a facially-unconstitutional challenge had to be preserved. I had already concluded, as Lasher does, that it does not have to be preserved in this circumstance. I had gone further to examine the issues on the merits and determined for myself that the issues should be overruled on the merits. Therefore, I could properly concur in the result. Because it was an unpublished opinion, given its age, I did not feel that it was worth the further delay and briefing effort.

As for the new opinion, I would not go through the tortured analysis of preservation in this case as the majority has done to avoid reaching the merits of these issues. Because the issues are framed as a constitutional challenge to the facial validity of the statute, I would address it and

---

7. We readily acknowledge that such an argument, if not invited or a response to a defense argument, can be improper. *See Roberson v. State*, 100 S.W.3d 36, 40–41 (Tex.App.-Waco 2002, pet. ref'd); *Hicks v. State*, 815 S.W.2d 299, 302–04 (Tex.App.-Houston [1st Dist.] 1991, no pet.).

would conclude that the statute is not un-constitutional on its face.

With these comments, I respectfully concur in the disposition of this appeal by affirming the conviction of Mark Anthony Lasher.