IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00370-CR

 

Robert Cherry,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 20754

 



MEMORANDUM  Opinion










 

        Cherry appeals his sentence
for state-jail-felony theft.  See Tex.
Penal Code Ann. § 31.03(a) (Vernon 2003); Act of May 28, 2003, 78th
Leg., R.S., ch. 393, § 20, sec. (4), 2003 Tex. Gen. Laws 1633, 1639
(amended 2007) (current version at Tex.
Penal Code Ann. § 31.03(e)(4) (Vernon Supp. 2007)).  We affirm.

        In Cherry’s second issue, he
contends that the trial court’s sentence was unconstitutionally cruel and
unusual.  See U.S. Const.
amend. VIII.  In Cherry’s first issue, he contends that he preserved that
complaint.  

 

        Texas Rule of Appellate Procedure
33.1 provides:

       As a prerequisite to presenting a complaint
for appellate review, the record must show that . . . the complaint
was made to the trial court by a timely request, objection, or motion that
. . . stated the grounds for the ruling that the complaining party
sought from the trial court with sufficient specificity to make the trial court
aware of the complaint, unless the specific grounds were apparent from the
context . . . .

Tex. R. App.
P. 33.1(a); see Cruz v. State, 225
S.W.3d 546, 548 (Tex. Crim. App. 2007).  Rule 33.1 is a “‘judge-protecting’
rule[] of error preservation.”  Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005).  “The issue . . . ‘is . . . whether the
complaining party on appeal brought to the trial court’s attention the very
complaint that party is now making on appeal.’”  Id. (quoting Martinez
v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002)).  “Except for
complaints involving systemic (or absolute) requirements, or rights that are
waivable only . . . all other complaints, whether constitutional,
statutory, or otherwise, are forfeited by failure to comply with Rule
33.1(a).”  Neal v. State, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004)
(quoting Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)); see
Barnett v. State, 189 S.W.3d 272, 278 n.15 (Tex. Crim. App. 2006); Marin
v. State, 851 S.W.2d 275, 278-80 (Tex. Crim. App. 1993).  

[A]ll a party has to do to [preserve
error] is to let the trial judge know what he wants, why he thinks himself
entitled to it, and to do so clearly enough for the judge to understand him at
a time when the trial court is in a proper position to do something about it.

 

Saldano v. State, 232 S.W.3d 77, 88 (Tex. Crim. App. 2007), petition
for cert. filed, ___ U.S.L.W. ____ (U.S. Nov. 19, 2007) (No. 07-7815) (Tex.
Crim. App. quoting Lankston v. State, 827 S.W.2d 907. 909 (Tex. Crim.
App. 1992)) (2d alteration in Saldano).  “A general objection
preserve[s] nothing for review and is not sufficient to apprise the trial court
of the complaint urged.”  Fierro v. State, 706 S.W.2d 310, 318 (Tex.
Crim. App. 1986); accord Lasher v. State, 202 S.W.3d 292, 293 (Tex.
App.—Waco 2006, pet. ref’d).

        “An appellant who fails to
complain in the trial court that a sentence is cruel and unusual forfeits the
issue on appeal.”  Williams v. State, No. 10-05-00388-CR, 2006 Tex. App. LEXIS 8282, at *1 (Tex. App.—Waco Sept. 20, 2006, no pet.) (mem. op.) (not
designated for publication) (quoting Gravens v. State, No.
10-05-00019-CR, 2006 Tex. App. LEXIS 1085, at *8 (Tex. App.—Waco Feb. 8, 2006,
no pet.) (mem. op.) (not designated for publication)); see Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Wise v. State, 223
S.W.3d 548, 554 (Tex. App.—Amarillo 2007, pet. ref’d).

        Cherry contends that his statement,
“I’d like to appeal that, your Honor,” in response to the trial judge’s asking
whether there was any reason sentence should not then be imposed, preserved his
second issue.  (Br. at 4 (quoting C.R. at 80).)  Cherry’s statement did not
apprise the trial court of the cruel-and-unusual-punishment complaint that
Cherry argues on appeal.[1]

        We overrule Cherry’s first
issue.  We need not reach Cherry’s second issue.

        Having
overruled Cherry’s first issue, we affirm.

 

 

 

TOM GRAY

Chief Justice




        Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance concurs in the judgment)

Affirmed

Opinion delivered and filed January 2, 2008

Do not publish

[CR25]









                [1] The trial court sentenced Cherry to 730 days’ confinement in a
state-jail facility.