COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-223-CR

 

 

LARRY DALE MCCLENNY                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

------------

I.
Introduction








A jury found Appellant Larry Dale McClenny guilty
of possession of a controlled substance, methamphetamine (4B200
grams), and assessed his punishment at eight years=
confinement and a fine of $2,500.  The
trial court sentenced him accordingly. 
In seven points, McClenny complains that the State failed to provide him
timely notice of its intent to introduce evidence of extraneous acts, that the
State made improper jury arguments at both the guilt-innocence and punishment
stages of trial, that the trial court erroneously introduced evidence of a plea
in bar resolution at the punishment stage of trial, and that the evidence is
legally and factually insufficient.  We
will affirm.

II. Factual
and Procedural Background

Around 6:00 one morning, McClenny called
Christopher Swink and asked Swink if he wanted to buy some Adope.@  Swink drove to McClenny=s motel
room, where McClenny sold him approximately one gram of methamphetamine, and
the two smoked some Aspeed.@  McClenny then asked Swink to drive him to a
game room located about fifteen minutes away from McClenny=s motel
room.  On the way to the game room, the
men noticed a police car following them so Swink parked in the game room
parking lot, and they quickly ran into the building. 

While the men were in the game room, Deputy John
Kiefer ran Swink=s license plate and discovered
that Swink had an outstanding warrant for a traffic ticket.  Deputy Kiefer parked his car around the
corner from the game room and waited for Swink to exit. 








Swink and McClenny stayed in the game room for
about ten minutes.  Once they thought the
police car had left, they left the game room to go to another nearby game
room.  They drove to the second game
room, and as the men were exiting the truck, Deputy Kiefer pulled in behind
Swink=s truck.

Deputy Kiefer told Swink to walk towards
him.  The deputy noticed that McClenny,
who was standing on the passenger side of the truck inside the open door, was
leaning into the truck and making furtive movements in the passenger side of
the truck.  Deputy Christopher Williamson
arrived to assist Deputy Kiefer, and Deputy Kiefer instructed him to watch
McClenny because he was moving around. 
Deputy Williamson also observed McClenny reach inside the truck through
the open passenger door.  The deputy Aglanced@ in the
open passenger door and saw a marijuana roach on the passenger floorboard and a
black wallet stuffed in between the seat cushion and the backrest cushion of
the passenger seat.  Deputy Williamson
patted down McClenny and told him to stand at the rear of the truck.  








Deputy Kiefer arrested Swink for the outstanding
warrant and conducted a search of his person incident to arrest.  He found a pipe, about one gram of crystal
methamphetamine, and a bag of marijuana on Swink=s
person.  He then searched Swink=s truck
and found a marijuana roach laying on the passenger floorboard and a glass pipe
under the passenger seat.  He also found
two small containers, a yellow and silver container and small black bag,
stuffed between the seat cushion and backrest of the passenger seat.  The containers contained over four grams of
methamphetamine.  One container also had
a Motorola cellular phone battery inside. 
The deputies then arrested McClenny. 


After jury selection, the State gave oral and
written notice to McClenny that it intended to call Swink to testify that
McClenny had sold him drugs an hour before the men were arrested.  McClenny objected that the State did not
provide him adequate notice of its intent to introduce evidence of this
extraneous offense.  The State argued
that it did not inform McClenny prior to trial that Swink would be a witness
because it did not talk to Swink until the day before trial.  The State further argued that Swink=s
testimony was admissible as same transaction evidence and to rebut McClenny=s
defensive theory that the drugs belonged to Swink.  The trial court permitted Swink to testify
and granted the defense a running objection to his testimony. 

Swink testified that McClenny called him to ask
if he wanted to buy some drugs, that Swink agreed and purchased some Aspeed@ from
McClenny, and that he then drove McClenny to the two game rooms before they
both were arrested.  Swink also testified
that after they were arrested and in the squad car together, he asked McClenny,
A[W]hat
did you do with your dope[?]@ to
which McClenny responded, ADon=t worry
about it.  I hid it.@ 








The State also called Deputies Kiefer and
Williamson to testify about the arrest and search and called a forensic chemist
who presented expert testimony that the substances found in the two containers
in Swink=s truck
contained methamphetamine.

III.
Extraneous Bad Acts Evidence

In McClenny=s first
point, he contends that the trial court erred by allowing Swink to testify that
McClenny sold Swink drugs shortly before they were arrested because the State
did not provide timely notice of its intent to introduce this evidence in
accordance with Texas Rule of Evidence 404(b). 
See Tex. R. Evid. 404(b) (requiring reasonable notice in advance
of trial of State=s intent to introduce extraneous
offense evidence).  The State does not
contend that the notice was timely but argues that it was not required to give
notice under rule 404(b) because the evidence was admissible as same
transaction contextual evidence and because it was offered to rebut McClenny=s
defensive theory.  Alternatively, the
State argues that any error was harmless.








We will assume, without deciding, that the trial
court erred by admitting Swink=s
testimony that McClenny sold him drugs the day of McClenny=s arrest
and apply a harm analysis.  Error in
admitting evidence with insufficient notice under rule 404(b) is
nonconstitutional error.  See
Hernandez v. State, 176 S.W.3d 821, 825 (Tex. Crim. App. 2005); Allen v.
State, 202 S.W.3d 364, 369 (Tex. App.CFort
Worth 2006, pet. ref=d).  Therefore, we apply rule 44.2(b) and
disregard the error if it did not affect McClenny=s
substantial rights.  Tex. R. App. P.
44.2(b); see Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526
U.S. 1070 (1999); Coggeshall v. State, 961 S.W.2d 639, 642B43 (Tex.
App.CFort
Worth 1998, pet. ref=d).

A substantial right is affected when the error
had a substantial and injurious effect or influence in determining the jury=s
verdict.  King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States,
328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall, 961 S.W.2d
at 643.  Conversely, an error does not
affect a substantial right if we have Afair
assurance that the error did not influence the jury, or had but a slight
effect.@  Solomon v. State, 49 S.W.3d 356, 365
(Tex. Crim. App. 2001); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998).

The lack of notice under rule 404(b) is harmful
if the complained-of evidence affected the defendant=s
ability to mount an adequate defense.  See
Hernandez, 176 S.W.3d at 825B26.  A defendant may demonstrate surprise by
showing how his defense strategy might have been different had the State
explicitly notified him that it intended to offer the extraneous offense
evidence.  Id. at 826; Allen,
202 S.W.3d at 369.  In determining
whether evidence had a substantial influence on the verdict, we review the
record as a whole.  See Johnson,
967 S.W.2d at 417.








In this case, McClenny made no argument at trial,
and makes no assertion on appeal, that he was Asurprised@ by the
State=s
decision to call Swink to testify that he purchased drugs from McClenny about
an hour before their arrests.  See
Hernandez, 176 S.W.3d at 825. 
Further, McClenny failed to make any showing of how his defense strategy
might have been different had the State explicitly notified him that it
intended to offer the complained-of testimony at trial or how his defense was Ainjuriously@
affected by the State=s failure to provide reasonable
notice.  See  id. at 826.  After receiving oral notice on the day of
trial, McClenny did not move for a continuance of the trial.  During cross-examination of Swink, McClenny=s
defense attorney successfully established that Swink had hoped he could get his
sentence Acut in half@ by
testifying against McClenny.  Swink
testified on cross-examination that his attorney had told him the night before
McClenny=s trial
that McClenny Awas trying to blame all the dope
on me@ and
that he Adidn=t feel
good [about that] at all.@








We conclude that, in the context of the entire
case against McClenny, the trial court=s error,
if any, in admitting Swink=s
testimony did not have a substantial or injurious effect on the jury=s
verdict and did not affect McClenny=s
substantial rights.  See id.
at 825B26; King,
953 S.W.2d at 271.  Thus, we disregard
any error.  See Tex. R. App. P.
44.2(b).  We overrule McClenny=s first
point.

IV.  Jury Argument

McClenny=s
second, third, and fourth points complain of alleged improper arguments made by
the State in its closing argument at both the guilt-innocence and punishment
stages of trial.

A.  Law on
Jury Argument

To be permissible, the State=s jury
argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94B95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v.
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  To determine whether a party=s
argument properly falls within one of these categories, we must consider the
argument in light of the record as a whole. 
Wilson v. State, 938 S.W.2d 57, 61 (Tex. Crim. App. 1996), abrogated
on other grounds by Motilla v. State, 78 S.W.3d 352, 357 (Tex. Crim App.
2002).

B.  Jury Argument at Guilt-Innocence Stage not
Improper








McClenny complains in his second and third points
that the trial court erred by denying his requests for mistrials when the
prosecutor asserted her personal opinion during closing argument at the
guilt-innocence stage of trial.  During
closing argument, the prosecutor stated, 

So
we have brought you everything, even officers who couldn=t remember anything and
even a codefendant who our case doesn=t depend on. 
But we wanted to give you the big picture, everything we have.  And that=s what you have. 
We don=t have anything to hide because
we know and the evidence shows that B  [Emphasis
added.]

 

The trial court sustained McClenny=s
objection Ato what the prosecutor knows,@
instructed the jury to disregard the comment, but denied McClenny=s motion
for mistrial.  The prosecutor continued, AWe believe
and it=s B,@ to
which McClenny again objected that the comment was improper.  The trial court instructed the prosecutor to
base her comments on the testimony rather than personal belief and denied
McClenny=s second
motion for mistrial.

It is well settled that the
prosecutor may argue her opinions concerning issues in the case so long as the
opinions are based on the evidence in the record and do not constitute unsworn
testimony.  McKay v. State, 707
S.W.2d 23, 37 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871 (1986);
Sikes v. State, 500 S.W.2d 650, 652 (Tex. Crim. App. 1973); Penrice
v. State, 716 S.W.2d 107, 109 (Tex. App.CHouston
[14th Dist.] 1986, no pet.).








Here, although the prosecutor
did not complete either of the complained-of arguments before McClenny
objected, the context of her argument demonstrates that she was attempting to
state her opinion, based upon the evidence in the record, that the drugs found
in the passenger side of Swink=s truck
belonged to McClenny.  She made these statements
at the end of her closing statement, after summarizing the evidence, and in the
context of an analysis of the evidence.  See
Sikes, 500 S.W.2d at 652; see also Thiboult v. State, No. 02‑06‑00449‑CR,
2008 WL 45757, at *4B5 (Tex. App.CFort
Worth Jan. 3, 2008, pet. ref=d) (mem.
op., not designated for publication) (holding that prosecutor=s
opinion that defendant was guilty was proper when given in context of analysis
of the evidence).  Moreover, the
complained-of statements did not inject new facts into evidence that were
harmful to McClenny, nor were they manifestly unjust, nor did they indicate
that the prosecutor possessed independent facts of McClenny=s guilt
that were not introduced into evidence.  See
Jones v. State, 843 S.W.2d 92, 100 (Tex. App.CDallas
1992, pet. ref=d); Penrice, 716 S.W.2d
at 109.  Consequently, the prosecutor=s
incomplete arguments were not improper or harmful even though the trial court
sustained McClenny=s objections to them.  Accord McKay, 707 S.W.2d at 37.








Finally, even if the arguments
were improper, we hold that the trial court=s
instructions to disregard them were sufficient to cure any harm inuring to
McClenny.  See id.  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, i.e., Aso
prejudicial that expenditure of further time and expense would be wasteful and
futile,@ will a
mistrial be required.  Hawkins v.
State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); see Simpson v. State,
119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 542 U.S. 905
(2004).  The arguments in the instant
case, in any event, were not so incurable as to require a mistrial.  We overrule McClenny=s second
and third points.

C.  Jury Argument at Punishment Stage not
Improper

In McClenny=s fourth
point, he argues that the trial court erred by overruling his objection to the
prosecutor=s closing argument at the
punishment stage of trial.  The State
contends that the prosecutor=s
argument was invited by defense counsel=s
closing argument and, consequently, that the prosecutor=s
argument was justified and permissible as an answer to the argument of opposing
counsel. 








At the punishment stage of
trial, the State introduced evidence that McClenny previously had pleaded
guilty to three felony offenses.  During
defense counsel=s closing argument, he argued
that the three prior guilty pleas were all pursuant to plea bargains and that
the State had agreed to minimal jail time as part of the plea bargains.  Consequently, he argued that because the
State had agreed to lenient sentences in McClenny=s past
cases, McClenny should receive a low sentence in this case.  During the State=s closing
argument, the prosecutor explained that if the State makes a plea bargain
offer, the offer is Ausually lower than we think a
jury is going to give a person.@  Defense counsel objected that Athe
prosecutor is interjecting her personal feelings in the case,@ and the
trial court overruled his objection.

Answering opposing counsel=s
argument is not improper jury argument.  Felder,
848 S.W.2d at 94B95; Alejandro, 493 S.W.2d
at 231. If defense counsel invites the argument, then the State is allowed to
respond to the defense counsel=s
argument.  Albiar v. State, 739
S.W.2d 360, 362 (Tex. Crim. App. 1987); Lasher v. State, 202 S.W.3d 292,
298 (Tex. App.CWaco 2006, pet. ref=d).

Here, after defense counsel
informed the jury that the State had agreed to lower sentences in McClenny=s past
cases, the prosecutor offered an explanation as to why the State would agree to
a lenient sentence in a plea-bargained case. 
By explaining that the State=s plea
bargain offer is Ausually lower than we think a
jury is going to give a person,@ the
prosecutor was responding to defense counsel=s
argument.  Thus, we hold that the
prosecutor=s argument was permissible
because defense counsel opened the door by his argument and that the trial
court did not err by overruling McClenny=s
objection.  See Albiar, 739 S.W.2d
at 362; Lasher, 202 S.W.3d at 298. 
We overrule McClenny=s fourth
point.








V.  Admission of Plea in Bar Resolution

In McClenny=s fifth
point, he contends the trial court erred by admitting State=s
Exhibits 8 and 10 into evidence during the punishment stage of the trial.  State=s
Exhibit 8 was a plea in bar resolution of the offense of driving with a
suspended license, and State=s
Exhibit 10 was a plea in bar resolution of the offense of forgery by possession
of a check with intent to pass.  McClenny
objected to these exhibits because they were not final convictions but were
pleaded and barred pursuant to section 12.45 of the Texas Penal Code.  See Tex. Penal Code Ann. ' 12.45
(Vernon 2003).

A.  Standard of Review








This court reviews the trial
court=s
decision to admit evidence under an abuse of discretion standard.  Green v. State, 934 S.W.2d 92, 101B02 (Tex.
Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997); Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g). As
long as the trial court=s ruling falls within the zone
of reasonable disagreement, we will affirm its decision.  Moses v. State, 105 S.W.3d 622, 627
(Tex. Crim. App. 2003).  The trial court=s
decision must be reasonable in view of all relevant facts.  Santellan v. State, 939 S.W.2d 155,
169 (Tex. Crim. App. 1997).  The mere
fact that a trial court may decide a matter within its discretionary authority
in a different manner than an appellate court would in a similar circumstance
does not demonstrate that an abuse of discretion has occurred.  Manning v. State, 114 S.W.3d 922, 926
(Tex. Crim. App. 2003).

B.  Admissibility of Plea in Bar Evidence at
Punishment Stage

Section 12.45 permits a trial
court to take into account an unadjudicated offense when assessing punishment
if the State consents and the defendant admits the offense.  Tex. Penal Code Ann. '
12.45(a)B(b).  When the court does so, the State is barred
from prosecuting the accused for the offense taken into account under this
provision.  Id. ' 12.45(c).

Section 12.45 does not require
that a defendant plead guilty to an unadjudicated offense; rather, the statute
requires that the defendant, during the punishment hearing, admit guilt to the
unadjudicated offense.  Zapata v.
State, 905 S.W.2d 15, 16 (Tex. App.CCorpus
Christi 1995, no pet.).  Following Texas
Court of Criminal Appeals precedent in Lopez v. State, 253 S.W.3d 680
(Tex. Crim. App. 2008), this court has held that offenses barred under section
12.45 are neither convictions nor part of a defendant=s prior
criminal record.  Ex parte Karlson,
282 S.W.3d 118, 127 (Tex. App.CFort
Worth 2009, pet. ref=d); see Lopez, 253
S.W.3d at 686 (holding that extraneous offenses to which defendant had admitted
guilt in prior prosecution were not prior convictions for purpose of
impeachment in subsequent prosecution). 








The admissibility of evidence at
punishment is guided largely by article 37.07, section 3 of the Texas Code of
Criminal Procedure.  Haley v. State,
173 S.W.3d 510, 513 (Tex. Crim. App. 2005); see Tex. Code Crim. Proc.
Ann. art. 37.07 ' 3(a)(1) (Vernon Supp.
2008).  Under this section, the
prosecution may offer evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt to have been committed by the defendant or for which
he could be held criminally responsible. 
Tex. Code Crim. Proc. Ann. art. 37.07, '
3(a)(1); Haley, 173 S.W.3d at 515. ABefore
the jury can consider this evidence in assessing punishment, it must be
satisfied beyond a reasonable doubt that the acts are attributable to the
defendant.@ 
Haley, 173 S.W.3d at 515. 

McClenny=s only
objection at trial was that State=s
Exhibits 8 and 10 were inadmissible because they were not prior
convictions.  He did not complain at
trial, and does not argue on appeal, that the State failed to prove beyond a
reasonable doubt that the acts were attributable to him or that evidence of
these acts was irrelevant.  The fact that
McClenny had not been finally convicted of the two pleaded and barred offenses
does not matter.  See Haley, 173
S.W.3d at 514B15.  Accordingly, we overrule McClenny=s fifth
point.

VI. Sufficiency of the Evidence








In his sixth and seventh points,
McClenny argues that the evidence is legally and factually insufficient to
convict him of possession of a controlled substance.

A.  Standards of Review

1.  Legal Sufficiency Standard of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all of the
evidence in the light most favorable to the prosecution in order to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).








This standard gives full play to
the responsibility of the trier of fact to resolve conflicts in the testimony,
to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9, 16B17 (Tex.
Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.

2.  Factual Sufficiency Standard of Review

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Neal v. State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert.
denied, 129 S. Ct. 1037 (2009); Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006).  We then ask
whether the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Lancon v. State, 253
S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the factfinder=s.  Johnson v. State, 23 S.W.3d 1, 12
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  Unless we conclude that it
is necessary to correct manifest injustice, we must give due deference to the
factfinder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Johnson, 23 S.W.3d at 9.  Our deference in this regard safeguards the
defendant=s right to a trial by jury.  Lancon, 253 S.W.3d at 704. 

B.  Possession of a Controlled Substance








To prove possession of a
controlled substance, the State must prove that the accused exercised control,
management, or care over the substance and that he knew the matter possessed
was contraband.  See Tex. Health
& Safety Code Ann. ' 481.002(38) (Vernon Supp.
2008); Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  The accused=s
presence at the location were contraband is found is insufficient, by itself,
to establish actual care, custody, or control over the contraband.  Evans, 202 S.W.3d at 162.  But the accused=s
presence or proximity to the contraband, when combined with other evidence,
either direct or circumstantial, may establish that element beyond a reasonable
doubt.  Id.  The evidence Amust
establish, to the requisite level of confidence, that the accused=s
connection with the drug was more than just fortuitous.@  Poindexter, 153 S.W.3d at 405B406
(citing Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).








Among the factors to be
considered in evaluating the existence of affirmative links between the accused
and the contraband are: (1) whether the defendant was present when the search
was executed; (2) whether the contraband was in plain view; (3) whether the
defendant was in close proximity to and had access to the contraband; (4)
whether the defendant was under the influence of a controlled substance when
arrested; (5) whether the defendant possessed other contraband or controlled
substances when arrested; (6) whether the defendant made incriminating statements
when arrested; (7) whether the defendant attempted to flee; (8) whether the
defendant made furtive gestures; (9) whether there was an odor of the
contraband; (10) whether other contraband or drug paraphernalia was present;
(11) whether the defendant owned or had the right to possess the place where
the drugs were found; (12) whether the place where the drugs were found was
enclosed; (13) whether the defendant was the driver of the automobile in which
the contraband was found; (14) whether the defendant was found with a large
amount of cash; and (15) whether the conduct of the accused indicated a
consciousness of guilt.  McQuarters v.
State, 58 S.W.3d 250, 259 (Tex. App.CFort
Worth 2001, pet. ref=d).  It is the logical force of the evidence, not
the number of links, that supports the factfinder=s
verdict.  Evans, 202 S.W.3d at
162, 166.

C. Legally Sufficient Evidence 








Applying the McQuarters
factors to the present case, the record demonstrates that McClenny was present
when the deputies searched Swink=s truck,
that a marijuana roach and the black wallet containing drugs were visible by
glancing in the passenger side of the truck, that McClenny was riding in the
passenger side of the truck in close proximity to the drugs found stuffed
between the passenger seat and backrest cushions, that Swink and McClenny had
smoked Adope@ about
an hour before their arrest, that Deputies Kiefer and Williamson observed
McClenny making furtive movements in the passenger seat where the drugs were
found, and that McClenny indicated a consciousness of guilt when he told Swink
that he had hidden his drugs in Swink=s car
and had hoped they would not be found.  See
McQuarters, 58 S.W.3d at 259.

Viewing the evidence in the
light most favorable to the jury=s
verdict, we  hold that a rational trier
of fact could have found beyond a reasonable doubt that McClenny was guilty of
possession of a controlled substance.  See
Tex. Health & Safety Code Ann. '
481.002(38); Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778.  Accordingly, we hold
that the evidence is legally sufficient to support McClenny=s
conviction.

D. Factually Sufficient Evidence

Having found the evidence
legally sufficient, we now address whether the evidence is factually sufficient
to support McClenny=s conviction.  The record demonstrates that Swink owned the
truck where the drugs were found and that McClenny did not have any drugs on
his person.  However, the deputies found
the containers of drugs on the passenger side of the vehicle, where McClenny
was sitting and where the deputies had seen him making furtive movements.  Swink testified that the drugs founds in the
passenger side of his truck belonged to McClenny.








On appeal, McClenny attacks
Swink=s
credibility as a witness, arguing that he was under the influence of drugs when
he was arrested and that he did not tell anyone that he and McClenny had used
drugs the morning that they were arrested until the day of McClenny=s
trial.  But the jury is the sole trier of
fact and judge of the credibility of the witnesses, and we must give due
deference to the jury=s determinations of the weight
and credibility of the evidence.  See
Johnson, 23 S.W.3d at 9; Cain, 958 S.W.2d at 407.

McClenny also argues that factually
insufficient evidence exists to support his conviction because Swink testified
that he had just purchased drugs from McClenny for $20 or $30 but the deputies
found only sixty-nine cents on McClenny. 
But Swink=s testimony offered a plausible
explanation for this:  he testified that
he and McClenny had been playing slot machines at the game room before they
were arrested.

We have thoroughly reviewed the
evidence in a neutral light, and we find no objective basis for holding that
the jury=s
verdict was clearly wrong or manifestly unjust or that it is contradicted by
the great weight and preponderance of the evidence.  See Lancon, 253 S.W.3d at 704; Watson,
204 S.W.3d at 414B15, 417.  Rather, the evidence presented at trial was
sufficient to support the jury=s
verdict, and no contrary evidence exists that would render the evidence
factually insufficient under the applicable standard of review.  See Lancon, 253 S.W.3d at 704; Watson,
204 S.W.3d at 414B15, 417.  Accordingly, having held that the evidence is
factually sufficient to support McClenny=s
conviction, we overrule his seventh point.








VII. Conclusion

Having overruled all of McClenny=s
points, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: DAUPHINOT, GARDNER
and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: October 8,
2009











[1]See Tex. R. App. P. 47.4.